IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JACKIE NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| CITY OF REHOBOTH BEACH, | ) | |
| SAM COOPER and SHARON LYNN, | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

## PARTIES

1. Plaintiff Jackie Nichols is a resident, property owner and taxpayer of the City of Rehoboth Beach, DE.

2. Defendant The City of Rehoboth Beach ("Rehoboth") is a municipality created by an Act of the General Assembly of the State of Delaware.

3. Defendant Sam Cooper is the Mayor of Rehoboth and is responsible for implementing the policies and practices thereof, specifically the policies at issue in this action.

4. Defendant Sharon Lynn is the City Manager of Rehoboth and is responsible for implementing the policies and practices thereof, specifically the policies at issue in this action.

## JURISDICTION AND VENUE

5. This action arises under the Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

6. This Court has jurisdiction of this cause under 28 U.S.C. §§ 1331 and 1343.

7. As all parties hereto reside or exist in Delaware, venue is appropriate in this Court pursuant to 29 U.S.C. §1391(b) and (e).

## BACKGROUND FACTS

8. On April 27, 2015, the Board of Commissioners of Rehoboth adopted two resolutions: (i) proposing the issuance of up to $18,000,000 general obligation bonds of Rehoboth to finance the city hall complex, and (ii) proposing the issuance of up to $52,500,000 general obligation bonds of Rehoboth to finance an ocean outfall project (the "Resolutions"), and ordering a Special Election to authorize the borrowing of money for those projects.

9. On June 27, 2015, Rehoboth conducted a "Special Election," to determine whether it is authorized to borrow $52,500,000 to finance an "Ocean Outfall Project," and an additional $18,000,000 to finance a City Hall Complex project. The costs of the Special Election were paid from the Rehoboth treasury.

10. Section 40(h) of the Rehoboth Charter, governing voting procedures for Special Elections to authorize the borrowing of money and issuance of bonds, states as follows:

> At the said Special Election, every owner or leaseholder, as defined in this Charter, of property, whether an individual, partnership or corporation, shall have one vote and every person who is a bona fide resident of the City of Rehoboth Beach, but who is not an owner or leaseholder, as defined in this Charter, of property within the corporate limits of the City of Rehoboth Beach and who would be entitled at the time of holding of the said Special Election to register and vote in the Annual Municipal Election if such Annual Municipal Election were held on the day of the Special Election shall have one vote whether or not such person be registered to vote in the Annual Municipal Election.

11. Section 40 of the Rehoboth Charter does not contain any requirements as to how long prior to the Special Election an owner, leaseholder or bona fide resident has to have held that status to be entitled to vote. By contrast, Section 7(d) of the Rehoboth Charter, relating to the manner of holding elections, states, in pertinent part, that at an annual meeting, to be eligible to vote one must have been a "freeholder or leaseholder…for a period of Six (6) months immediately preceding the date of such Annual Municipal Election…," and that the term "resident" means "an individual actually residing and domiciled in the City of Rehoboth Beach for a period of 6 months immediately preceding the date of the election."

12. At the Special Meeting, Rehoboth only accepted voters who had been property holders or residents for a minimum of six months.

13. At the Special Meeting, Rehoboth granted the right to vote to residents and then again to those same residents who owned (directly or through an entity) property in Rehoboth.

14. At the Special Meeting, corporations and other artificial entities were permitted to vote.

15. After the polls were closed, Rehoboth announced that there were 637 votes in favor of borrowing for the Ocean Outfall Project, and 606 votes against borrowing for the Ocean Outfall Project. Rehoboth also announced that there were 701 votes in favor of borrowing for the City Hall Complex project, and 544 votes against the borrowing for the Ocean Outfall project.

## Count I
(14th Amendment – Residency Requirement)

16. Plaintiff incorporates by reference the allegations contained in numbered paragraphs 1-15 above as if specifically stated herein.

17. Requiring voters to live in or hold property in Rehoboth for a minimum of six months violated the 14th Amendment to the Constitution of the United States as such requirement does not serve any compelling governmental interest.

4

18. The residency requirement imposed by Rehoboth was and is unconstitutional, and so the vote at the Special Meeting is void.

## Count II
(14th Amendment – One Person, One Vote)

19. Plaintiff incorporates by reference the allegations contained in numbered paragraphs 1-18 above as if specifically stated herein.

20. Rehoboth allowed property owners one vote for each parcel of property they owned in Rehoboth (directly or indirectly), in addition to one vote if they also resided in Rehoboth. This violates the "one person, one vote" principle of the 14th Amendment, and is without a compelling governmental interest.

21. The grant of multiple votes to residents who are also property owners was and is unconstitutional, and so the vote at the Special Meeting is void.

## Count III
(Delaware Constitution – Residency Requirement)

22. Plaintiff incorporates by reference the allegations contained in numbered paragraphs 1-21 above as if specifically stated herein.

23. Article V, § 2 of the Delaware Constitution of 1897 as amended provides, in pertinent part, that:

> Every citizen of this State of the age of twenty-one years who shall have been a resident thereof one year next preceding an election, and for the last three months a resident of the county, and for the last thirty days a resident of the hundred or election district in which he or she may offer to vote, and in which he or she shall have been duly registered as hereinafter provided for, shall be entitled to vote at such

election in the hundred or election district of which he or she shall at the time be a resident, and in which he or she shall be registered, for all officers that now are or hereafter may be elected by the people and upon all questions which may be submitted to the vote of the people….

24. The six month durational residency requirement imposed by Rehoboth contravenes the provisions of Article V, § 2 of the Delaware Constitution. As such, the Special Meeting and its vote are void.

## Count IV
(Delaware Constitution – Voting by Artificial Entities)

25. Plaintiff incorporates by reference the allegations contained in numbered paragraphs 1-24 above as if specifically stated herein.

26. As noted in numbered paragraph 23 above, Article V, § 2 of the Delaware Constitution of 1897 as amended grants the right to vote to "every citizen" meeting the requirements enumerated therein.

27. The term "citizen" as used in Article V, §2 does not include corporations or other artificial entities.

28. Section 40(h) of the Rehoboth Charter permits landowners to vote "whether an individual, partnership or corporation…."

29. Section 40(h) of the Rehoboth Charter contravenes the limitation on voting to "citizens" set forth in Article V, §2.

30. The Special Election and vote thereat are therefore void.

WHEREFORE, for the foregoing reasons, plaintiff respectfully requests that this Court enter an Order:

a. Entering judgment in favor of plaintiff and against defendants on all claims;

b. Declaring that the Rehoboth Special Meeting on June 27, 2015, and vote thereat, are void;

c. Enjoining Rehoboth from issuance bonds for (i) to finance the city hall complex, and/or (ii) to finance an ocean outfall project, in the absence of a proper and lawful vote on the issue;

d. Awarding plaintiff her costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988 and common law; and

e. Granting such other and further relief as the Court deems just and fair.

Dated: July 16, 2015

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange Street, 7th Floor
Wilmington, DE 19801
(302) 573-2525
dfinger@delawgroup.com
Attorney for plaintiff Jackie Nichols