IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JACKIE NICHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 15-602 GMS |
| | ) |
| CITY OF REHOBOTH BEACH, | ) |
| SAM COOPER and SHARON LYNN, | ) |
| | ) |
| Defendants. | ) |

# FIRST AMENDED COMPLAINT

## PARTIES

1. Plaintiff Jackie Nichols is a resident, property owner and taxpayer of the City of Rehoboth Beach, DE.

2. Defendant The City of Rehoboth Beach ("Rehoboth") is a municipality created by an Act of the General Assembly of the State of Delaware.

3. Defendant Sam Cooper is the Mayor of Rehoboth and is responsible for implementing the policies and practices thereof, specifically the policies at issue in this action.

4. Defendant Sharon Lynn is the City Manager of Rehoboth and is responsible for implementing the policies and practices thereof, specifically the policies at issue in this action.

## JURISDICTION AND VENUE

5. This action arises under the Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988.

6. This Court has jurisdiction of this cause under 28 U.S.C. §§ 1331 and 1343.

7. As all parties hereto reside or exist in Delaware, venue is appropriate in this Court pursuant to 29 U.S.C. §1391(b) and (e).

## BACKGROUND FACTS

8. On April 27, 2015, the Board of Commissioners of Rehoboth adopted a resolution proposing, among other things, the issuance of up to $52,500,000 general obligation bonds of Rehoboth to finance an ocean outfall project (the "Ocean Outfall Project"), and ordering a Special Election to authorize the borrowing of money for that projects.

9. On June 27, 2015, Rehoboth conducted a "Special Election," to determine, among other things, whether it is authorized to borrow $52,500,000 to finance an "Ocean Outfall Project." The costs of the Special Election were paid from the Rehoboth treasury.

10. Section 40(h) of the Rehoboth Charter, governing voting procedures for Special Elections to authorize the borrowing of money and issuance of bonds, states as follows:

> At the said Special Election, every owner or leaseholder, as defined in this Charter, of property, whether an individual, partnership or corporation, shall have one vote and every person who is a bona fide resident of the City of Rehoboth Beach, but who is not an owner or leaseholder, as defined in this Charter, of property within the corporate limits of the City of Rehoboth Beach and who would be entitled at the time of holding of the said Special Election to register and vote in the Annual Municipal Election if such Annual Municipal Election were held on the day of the Special Election shall have one vote whether or not such person be registered to vote in the Annual Municipal Election.

11. Section 40 of the Rehoboth Charter does not define the phrase "bona fide resident." Section 7(d) of the Rehoboth Charter, relating to the manner of holding annual elections, states, in pertinent part, that at an annual meeting, to be eligible to vote, the term "resident" means "an individual actually residing and domiciled in the City of Rehoboth Beach for a period of 6 months immediately preceding the date of the election."

12. At the Special Meeting, Rehoboth only accepted voters, apart from property owners, who had been residents for a minimum of six months.

13. At the Special Meeting, Rehoboth granted the right to vote to residents and then again to those same residents, as well as non-residents, who owned (directly or through an entity) property in Rehoboth.

14. At the Special Meeting, corporations and other artificial entities owning property in Rehoboth were permitted to vote. On information and belief, individuals who owned multiple parcels in Rehoboth through ownership of multiple artificial entities were permitted to vote one time for each property owned through such artificial entities.

15. After the polls were closed, Rehoboth announced that there were 637 votes in favor of borrowing for the Ocean Outfall Project, and 606 votes against borrowing for the Ocean Outfall Project.

## **Count I**
(14th Amendment – Residency Requirement – Declaratory Relief)

16. Plaintiff incorporates by reference the allegations contained in numbered paragraphs 1-15 above as if specifically stated herein.

17. Requiring parties to live in or hold property in Rehoboth for a minimum of six months before being entitled to vote as residents violates the 14th Amendment to the Constitution of the United States as such requirement does not serve any compelling governmental interest.

18. The residency requirement imposed by Rehoboth was and is unconstitutional, and so the vote at the Special Meeting is void.

## Count II
(14th Amendment – Residency Requirement – Injunctive Relief)

19.  Plaintiff incorporates by reference the allegations contained in numbered paragraphs 1-18 above as if specifically stated herein.

20.  Requiring parties to live in or hold property in Rehoboth for a minimum of six months before being entitled to vote violates the 14th Amendment to the Constitution of the United States as such requirement does not serve any compelling governmental interest.

21.  As the vote to issue bonds for the Ocean Outfall Project resulted from unconstitutional residency restrictions, Rehoboth should be enjoined from issuing bonds as a result thereof.

22.  Additionally, Rehoboth continues to impose the unconstitutional residency requirement. For example, on August 8, 2015, Rehoboth held its Annual Municipal Election as required by Section 7 of the Rehoboth Charter. At that election, residents who lived in Rehoboth less than six months were not entitled to vote.

23.  Rehoboth should be enjoined from imposing a six-month residency requirement from now on.

## Count III
(14th Amendment – One Person, One Vote – Declaratory and Injunctive Relief)

24. Plaintiff incorporates by reference the allegations contained in numbered paragraphs 1-23 above as if specifically stated herein.

25. Rehoboth allowed individuals one vote for each parcel of property they owned in Rehoboth (directly or indirectly through an entity), in addition to one vote if they also resided in Rehoboth. This violates the "one person, one vote" principle of the 14th Amendment, and is without a compelling governmental interest.

26. The grant of multiple votes to individuals that are also property owners (directly or through ownership of an entity) was and is unconstitutional, and so the vote at the Special Meeting is void, should be declared void, and the issuance of bonds voted for at that Special Meeting for the Ocean Outfall Project should be enjoined.

## Count IV
(Delaware State Law – Exceeding Authority)

27. Plaintiff incorporates by reference the allegations contained in numbered paragraphs 1-26 above as if specifically stated herein.

28. Prior to the Special Meeting, Rehoboth, utilizing taxpayer funds (on information and belief), caused to be published in a local newspaper a full-page advertisement exhorting people to "Vote Yes," *i.e.*, in favor of the proposed outfall

6

project, and presenting a one-sided view of the project, without affording opponents the opportunity by means of that financed medium to present their side.

29. The expenditure is not within Rehoboth's express or implied power and so is unlawful.

WHEREFORE, for the foregoing reasons, plaintiff respectfully requests that this Court enter an Order:

a. Entering judgment in favor of plaintiff and against defendants on all claims;

b. Declaring that the Rehoboth Special Meeting on June 27, 2015, and vote thereat, are void;

c. Enjoining Rehoboth from issuing bonds to finance an ocean outfall project, in the absence of a proper and lawful vote on the issue;

d. Declaring that the expenditure of taxpayer funds for the advertisement was illegal and in excess of authority;

e. Awarding plaintiff her costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988 and common law; and

f. Granting such other and further relief as the Court deems just and fair.

Dated:  August 12, 2015

    /s/ David L. Finger_____
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange Street, 7th Floor
Wilmington, DE 19801
 (302) 573-2525
dfinger@delawgroup.com
Attorney for plaintiff Jackie Nichols