# EXHIBIT A

## Rehoboth Beach

### Municipal Corporate Name And General Powers Thereof

**Section 1**

a. The Commissioners of Rehoboth Beach now in Office, and their successors hereafter chosen under the provisions of this Charter, within the limits and boundaries established by this Charter, shall be and they are, created a body politic and corporate, in fact and in Law and Equity, by the name, style and title of "THE CITY OF REHOBOTH BEACH", and under that name shall have perpetual succession; may have and use a corporate seal, which may be altered, changed or renewed at pleasure; may sue and be sued, plead and be impleaded in any and all Courts of Law and Equity in the State of Delaware and elsewhere by said corporate name; may take, receive, hold and enjoy any and all lands, tenements and hereditaments located either within or without the limits and boundaries set forth in Section 2 of this Charter, in fee simple or for a lesser estate, interest or otherwise, and also goods, chattels, rights and credits, and may sell, lease, hold, manage and control any such property or properties in such a manner as The Commissioners may deem expedient and proper for the purposes hereinafter to be expressed; and may appoint such Officers and agents as shall be necessary or convenient for the management of the affairs of the City, and may fix and determine the compensation of such officers and agents. 56 Del. Laws, c. 61

b. Except as hereinafter provided in this Charter relative to the power to issue Bonds, The Commissioners shall have all other powers and functions requisite to or appropriate for the government of the City, its peace and order, its sanitation, beauty, the health, safety, convenience, government and wellbeing of its population, and the protection and preservation of property, public and private, and the maintenance of a permanent seaside resort and the furnishing of proper conveniences and attractions requisite to the same: provided, that nothing in this Charter shall be construed as conferring any banking power.

c. All actions, suits and proceedings shall be brought in the name of "THE CITY OF REHOBOTH BEACH." 56 Del. Laws, c. 61

d. The enumeration of particular powers by this Charter shall not be held to be exclusive, or to restrict, in any way, the general powers conferred herein; but, in addition to the powers enumerated herein, implied thereby, or appropriate to the exercise thereof, it is intended that The Commissioners of Rehoboth shall have and may exercise all powers which, under the Constitution of the State of Delaware, it shall be competent for this Charter specifically to enumerate. All powers of The Commissioners of Rehoboth Beach, whether expressed or implied, shall be exercised as prescribed by this Charter, or, if the procedure, or a mode of exercise, be not prescribed herein, such power or powers shall be exercised by ordinance or resolution of The Commissioners.

### Territorial Limits

**Section 2**

a. The limits and bounds of the City of Rehoboth Beach are hereby established and declared to be as follows:

b. Beginning at the Northeast line of the present Town of Rehoboth Beach, thence running to and with the coastline of the Atlantic Ocean, in a Southerly direction to the South side of Penn Street; thence with the South side of Penn Street to Silver Lake, thence by and with the North side of Silver Lake, in a Westerly direction, to the line of The Rehoboth Country Golf Club, continuing in a Westerly direction to a point at the North side of the Old County Bridge, across the United States Inland Waterway, to there intersect the line of the said Inland Waterway; thence by and with the line of the United States Right-of-Way in a Northerly direction, to the present line of the said Town of Rehoboth Beach; thence by and with the said present line in an Easterly direction, to the point of beginning.

c. The Commissioners of Rehoboth Beach may, at any time hereafter cause a survey and plot to be made of said City, and the said plot or any supplement thereto, when so made and approved by said The Commissioners of Rehoboth Beach, signed by the President, who shall affix thereto the municipal corporate seal of the City, attested by the Secretary of the said The Commissioners of Rehoboth Beach, and upon being recorded in the Offices of the Recorder of Deeds of the State of Delaware, in and for Sussex County, shall be, or the record thereof, or a duly certified copy of said record, shall be evidence in all Courts of Law and Equity of this State.

d.  The Commissioners of Rehoboth Beach shall have the power to annex additional territory adjoining the corporate limits of The City of Rehoboth Beach as hereinbefore set forth or as hereafter extended pursuant to the procedure hereinafter set forth and to apply to all such additional territory all laws, ordinances, resolutions and policies in force with the City so far as they may be locally applicable. The Commissioners of Rehoboth Beach shall adopt a Resolution proposing to the property owners and the residents of both the City and of the Territory proposed to be annexed that The City of Rehoboth Beach proposes to annex certain territory which adjoins its then limits and territory. The Resolution shall contain a description of the territory proposed to be annexed and shall fix a time and place for a public hearing on the subject of the proposed annexation. The Resolution setting forth the information shall be printed in a newspaper published in The City of Rehoboth Beach at least one week prior to the date set for the public hearing, or, if no newspaper is published in The City, publication shall be had in a newspaper having a general circulation both in The City and in the territory proposed to be annexed, or, at the discretion of The Commissioners of Rehoboth Beach, the said Resolution shall be posted in four (4) public places both in The City and in the territory proposed to be annexed.

Following the public hearing, but in no event later than thirty (30) days thereafter, a Resolution shall then be passed by a majority of The Commissioners of Rehoboth Beach ordering a Special Election to be held not less than thirty (30) days nor more than sixty (60) days after the said public hearing on the subject of the proposed annexation. The passage of this Resolution shall ipso facto be considered the determination of The Commissioners of Rehoboth Beach to proceed with the matter of the proposed annexation.

The notice of the time and place of holding the said Special Election shall be printed within thirty (30) days immediately preceding the date of the Special Election in at least two (2) issues of a newspaper published in The City, or, if no newspaper is published in The City, the notice may be printed within thirty (30) days immediately preceding the date of the Special Election in two (2) issues of a newspaper having a general circulation in The City and in the territory proposed to be annexed, or, in the discretion of The Commissioners of Rehoboth Beach the said notice may be posted in five (5) public places both in The City and in the territory proposed to be annexed, at least fifteen (15) days prior to the date of the Special Election.

At the Special Election, every property owner or leaseholder as defined in this Charter, whether an individual, partnership or corporation, shall be entitled to cast one vote and every bona fide resident of the City of Rehoboth Beach who is not a property owner or leaseholder as defined in this Charter shall be entitled to cast one vote. At the said Special Election, every property owner or leaseholder, as defined in this Charter, of the territory proposed to be annexed, whether an individual, partnership or corporation, shall be entitled to cast one vote and every bona fide resident of the territory proposed to be annexed who is not a property owner or leaseholder as defined in this Charter shall be entitled to cast one vote. Property owners or leaseholders, as defined in this Charter, whose property or whose improvement located on leased land is exempt from taxation or is not assessed shall not be entitled to vote. The books and records of the City of Rehoboth Beach in the case of city property owners, or leaseholders as defined in this Charter or residents and the books and records of Sussex County in the case of property owners, leaseholders as defined in this Charter or residents of the territory proposed to be annexed shall be conclusive evidence of the right of such persons, firms or corporations to vote at the Special Election.

In the event that an individual, partnership or corporation holds a power of attorney duly executed and acknowledge and specifically authorizing the said individual, partnership or corporation to vote at the said Special Election, a duly authenticated copy of the power of attorney shall be filed in the office of the City Manager of The City of Rehoboth Beach. Said Power of Attorney as so filed shall constitute conclusive evidence of the right of said person, partnership or corporation to vote in the Special Election.

Voting machines shall be used in any annexation election and the form of the ballot to be inserted in the machine shall be as follows:

    For the proposed annexation          _____

    Against the proposed annexation      _____

(CHECK THE ONE BLOCK FOR WHICH YOU CAST YOUR VOTE)

The Mayor shall appoint three (3) persons to act as Election Officials, at least one of whom shall reside and own property in The City, and at least one of whom shall reside and own property in the territory proposed to be annexed. One of the said persons so appointed shall be designated the Presiding Officer. Voting shall be conducted in the Municipal Building and the Election Officials shall have available, clearly marked, two (2) ballot boxes. All ballots cast by those persons, partnerships or corporations authorized to vote as residents, property owners or leaseholders in the territory proposed to be annexed shall be deposited in one such ballot

box, and all ballots cast by those persons, partnerships or corporations who are authorized to vote as residents, property owners or leaseholders of The City shall be deposited in the other such ballot box. The polling places shall be opened from 1:00 o'clock P.M., prevailing time, until 6:00 o'clock P.M., prevailing time, on the date set for the Special Election. 76 Del. Laws, c. 61

Immediately upon the closing of the polling places, the Election Officials shall count the ballots for and against the proposed annexation and shall announce the result thereof; the Election Officials shall make a certificate under their hands of the number of votes cast for and against the proposed annexation, and the number of void votes, and shall deliver the same to The Commissioners of Rehoboth Beach. The said certificate shall be filed with the papers of the Commissioners of Rehoboth Beach.

In order for the territory proposed to be annexed to be considered annexed, a majority of the votes cast both from The City and from the territory proposed to be annexed must have been cast in favor of the proposed annexation. In the event that the Referendum results in an unfavorable vote for annexation, a subsequent election may be held at any time. If a favorable vote for annexation shall have been cast, The Commissioners of Rehoboth Beach shall cause a description and a plot of the territory so annexed to be recorded in the Office of Recorder of Deeds for Sussex County in Georgetown, Delaware, but in no event shall such recordation be completed more than ninety (90) days following the favorable referendum. The territory considered for annexation shall be considered to be a part of The City of Rehoboth Beach from the time of recordation. The failure of The Commissioners of Rehoboth Beach to record the description and plot within the time hereinbefore specified shall not make the annexation invalid but such annexation shall be deemed to be effective at the expiration of the ninety (90) day period from the date of favorable election. 56 Del. Laws, c. 61; 60 Del. Laws, c. 22; 76 Del. Laws, c. 61;

## Structure Of The Government

**Section 3**

a. The government of The City and the exercise of all power conferred by this Charter, except as otherwise provided herein, shall be vested in The Commissioners of Rehoboth Beach. The Commissioners of Rehoboth Beach shall consist of seven (7) members, to be chosen as hereinafter provided, all of whom shall be citizens of the United States of America. One of said Commissioners shall have the title of Mayor of The City of Rehoboth Beach, with duties hereinafter to be prescribed, and who shall also be President of The Commissioners of Rehoboth Beach. Each of the seven (7) Commissioners of Rehoboth Beach, at the time of the approval of his qualifications by The Commissioners as hereinafter provided or at the time of his appointment as the case may be, shall have attained the age of twenty-one (21) years of age. Not less than three of the Commissioners shall be designated resident Commissioners. A resident Commissioner shall be a bona-fide resident and domiciliary of the City. The Commissioner with the title of Mayor of the City of Rehoboth shall also be a bona-fide resident and domiciliary of the City and shall have been domiciled in the City of Rehoboth Beach for a period of at least twelve (12) months immediately preceding the date of election. The other three Commissioners must either have the qualifications of a resident Commissioner as defined above (i.e. a bona-fide resident and domiciliary of the City) or be a freeholder of real estate located within the City. If any of the Commissioners or the Mayor fails to retain his qualifications as aforesaid during the term of his office, he shall ipso facto vacate his office. The Commissioners shall be judges of the qualifications of their members. 65 Del. Laws, c. 438; 68 Del. Laws, c. 40;

## Election In General

**Section 4**

(a) The present Commissioners and Mayor now serving at the date of this amendment shall continue to serve as the Commissioners and Mayor of Rehoboth Beach from and after passage of this amendment until their successors are duly elected. At the annual election held on the second Saturday in August 1987, in accordance with Sections 6 and 7 of the Charter, three Commissioners and the Mayor shall be elected. The term of office for the person elected Mayor shall be for three years. The term of office for the two persons receiving the highest number of votes for Commissioner shall be for three years while the third person elected Commissioner shall initially serve a two year term but such position shall be for a three year term when voted upon after the expiration of its initial two year term. At the annual election held on the second Saturday of August in 1988 in accordance with Section 6 and 7 of this Charter three Commissioners shall be elected. The

term of office for the two persons receiving the highest number of votes for Commissioner shall be for three years while the third person elected Commissioner shall initially serve a one year term but such position shall be for a three year term when voted upon after the expiration of its initial one year term. 66 Del. Laws, c. 59 Ballots may be cast in person or by absentee ballot in all elections. Absentee voting shall be in compliance with the applicable provisions of Title 15 of the Delaware Code.

(b)  In all elections ballots may be cast in person or by absentee ballot as hereinafter provided.

(c)  Absentee Ballots

    (i)  Any qualified voter, duly registered, may cast his vote by absentee ballot in any municipal election or special municipal election if such voter will not be available to vote in person during the hours of the election.

    (ii)  Any such voter desiring to receive an absentee ballot, who is qualified and registered as aforesaid shall personally appear at the City Manager's Office in the Municipal Building, Rehoboth Beach, Delaware and file an affidavit on forms prescribed by the City Manager stating his name, address, birth date, social security number, the fact that he will not be available to vote in person during the hours of the election, and the address and telephone number (if practicable) where the voter will be during the election. Such Affidavit shall be dated not more than forty five days prior to the day of the election and not later than 12:00 noon of the day prior to the election. Upon the approval of such affidavit an absentee ballot, envelopes and instructions shall be furnished to such voter as soon as practical.

    Any voter who is absent from the city while on active duty in the military service of the United States of America (including the spouse of such voter if absent from the city on account of the voter's active duty status) or who is confined indoors as a result of physical illness or infirmity as established by the certificate of a medical doctor or Christian Science practitioner is not required to personally appear at the City Manager's Office when filing the required affidavit.

    (iii)  The City Manager shall prepare the official ballot, envelopes and instructions to absentee voters.

    (iv)  The absentee voter shall return the absentee ballot and envelopes completed in accordance with the instructions to the office of the City Manager of Rehoboth Beach either by mail or in person to be received in either case before 12:00 noon of the day preceding the election and not thereafter.

    (v)  The City Manger shall safeguard each absentee ballot in its envelope until the day of the election when he shall deliver the same to the polling place into the custody of the Inspector of the Election who shall deposit all absentee ballots in a special ballot box. The Election Board shall count the absentee ballots and announce the results along with the result of the votes cast in person upon the close of the election. 68 Del. Laws, c. 40; 68 Del. Laws, c. 305;

### Elective Offices

**Section 5**

    a.  The six offices of Commissioners of Rehoboth Beach and the one officer of Commissioner of Rehoboth Beach with the title of Mayor of the City of Rehoboth Beach with duties hereinafter to be prescribed, shall be elective. All other offices shall be appointive and the person or person filling such appointive offices shall be appointed by The Commissioners of Rehoboth Beach in the manner hereinafter to be prescribed. Six offices of Commissioner of Rehoboth Beach shall be for a two year term. The office of Commissioner of Rehoboth Beach with the title of Mayor of the City of Rehoboth Beach shall be for a two year term and in every event that a person shall be nominated to this office, the ballots shall not only specify that he seeks the Office of Commissioner of Rehoboth Beach, but also that he seeks that office with the title of Mayor of the City of Rehoboth Beach, with duties hereinafter to be prescribed.

    b.  The qualifications for the office of Commissioner of Rehoboth Beach as well as the office of Commissioner of Rehoboth Beach having the title of Mayor of the City of Rehoboth Beach shall be as set forth in Section 3 of this Charter.

    c.  In the case of a vacancy created in any office of Commissioner of Rehoboth Beach, or in the office of Commissioner of Rehoboth Beach having the title of Mayor of the City of Rehoboth Beach, either by death, resignation, loss of residence in the City of Rehoboth Beach, or other disqualifying event, or otherwise, The Commissioners of Rehoboth Beach shall fill such vacancy for the residue of the whole term.

    d.  Aside from loss of residence, as in those instances specified in Section 3 of this Charter, if any elected officer be found guilty of any felony, he shall forthwith be disqualified to act as such officer and he shall, ipso facto,

vacate his elective office, which office shall be filled by the Commissioners of Rehoboth Beach as in the case of other vacancies. 59 Del. Laws, c. 4

e.   The Mayor shall receive a salary of One Thousand Dollars ($1,000.00) per annum. The Secretary of the Commissioners of Rehoboth Beach shall receive a salary of Seven Hundred Fifty Dollars ($750.00) per annum. Each of the other members of the Commissioners of Rehoboth Beach shall receive a salary of Six Hundred Dollars ($600.00) per annum; PROVIDED, HOWEVER, that no salary shall be paid until September 1, 1971. Each nonresident Commissioner shall receive an allowance for every mile necessarily driven from his permanent home to Rehoboth Beach in order to attend any meeting of the Commissioners of Rehoboth Beach or the meeting of any committee of which he is a member; provided, however, that no such allowance shall be paid for any meeting attended prior to September 1, 1974, said amount per mile to be the same as that permitted to be assessed by the Sheriff of Sussex County for the serving of papers. 57 Del. Laws, c. 410; 59 Del. Laws, c. 4;

### Nominations To Elective Offices

**Section 6**

a.   The mode of nomination of candidates for elective offices in the City of Rehoboth Beach shall be by petition signed by not less than ten (10) nor more than twenty-five (25) qualified electors of the City, and filed with the Secretary of The Commissioners on or before 12 o'clock noon on the second Saturday preceding the annual municipal election. 60 Del. Laws, c. 622; 61 Del. Laws, c. 58; 62 Del. Laws, c. 4; 68 Del. Laws, c. 40;

b.   Whenever a petition nominating a person for the office of Commissioner of Rehoboth Beach, or the office of Commissioner of Rehoboth Beach who shall have the title of Mayor of the City of Rehoboth Beach, shall have been filed as above prescribed, the name of such person shall be printed on the ballot for the regular municipal election as a candidate for the office for which he was nominated; provided, he possesses the qualifications of an incumbent of that office as prescribed by this Charter. The Commissioners of Rehoboth Beach shall be judge of his qualifications as prescribed by this Charter and, at the regular meeting in June between the hours of 8 and 10 P. M., The Commissioners of Rehoboth Beach shall sit in open meeting to judge the qualifications of candidates so nominated. 60 Del. Laws, c. 622; 61 Del. Laws, c. 58; 62 Del. Laws, c. 4; 68 Del. Laws, c. 40;

c.   No nominating petition shall designate more than one person to be voted for as a Commissioner of Rehoboth Beach, or as Commissioner of Rehoboth Beach with the title of Mayor of the City of Rehoboth Beach.

d.   No qualified elector shall sign the nominating petition of more candidates than there are elective offices to be filled at such regular municipal election. Each qualified elector signing such petition shall also state whether he signed such petition as a freeholder in The City or as a leaseholder in The City holding land under a valid lease for a term of at least ten (10) years whose lease is recorded in the Office of The Recorder of Deeds, in and for Sussex County, and who has erected upon the leasehold an improvement having an assessed valuation of at least One Thousand Dollars ($1,000.00) as shown by the records of the City of Rehoboth Beach or as a resident of the State of Delaware at least one year and a bona fide resident within the corporate limits of The City for three months immediately preceding such election. No qualified elector shall sign the nominating petition of more candidates than there are elective officers to be filled at such regular municipal election. Each qualified elector signing such petition shall also state whether he signed such petition as a freeholder or as a leaseholder or as a resident. 56 Del. Laws, c. 61; 68 Del. Laws, c. 40;

e.   There must be attached to each nominating petition an affidavit of the circulator thereof stating: the number of signers; that each signature appended thereto was made in his presence; that each signature is the genuine signature of the person whose name it purports to be; and that all of said signers are entitled to vote at the regular municipal election referred to.
The form of the nominating petition shall be substantially as follows:

We, the undersigned, electors of the City of Rehoboth Beach, hereby nominate...........................
for the office of .......................to be voted for at the regular municipal election to be held in said City, on the .................... day of ........................ in the year............ : and we individually certify that we are qualified to vote for a candidate for the office named, and that we have truly designated the capacity in which we have signed this petition as such qualified voter.
Name Freeholder Resident of Delaware and Rehoboth (space for signatures)
State of Delaware:
SS

**6**                          **CHARTER OF REHOBOTH BEACH**

Sussex County:

.........................................being duly sworn (or affirmed) deposes and says that he is the circulator of the foregoing petition paper containing........................... signatures and that the signatures appended thereto were made in his presence and are the signatures of the persons whose names they purport to be, and that he verily believes the status of each signer thereof to be truly stated and that all of said signers are entitled to vote at the said regular municipal election referred to in said paper.

.........................................Circulator

SUBSCRIBED AND SWORN TO (or affirmed) before me this...................................................... day of, A. D..........................

.........................................Notary Public

### Manner Of Holding Elections

**Section 7**

(a) Annual Municipal Elections shall be held on the second Saturday in the month of August from 10:00 in the morning, prevailing time, until 6:00 in the evening, prevailing time, at such public place or places as shall be determined by the Commissioners of Rehoboth Beach, due notices of which shall be given in compliance with the applicable provisions of 15 **Del. C.** § 7501 et seq. In the event there is no contest for any of the several offices in any year, the polls shall remain open for only one hour, commencing at 10:00 a.m. in the morning, prevailing time and closing at 11:00, prevailing time, on the second Saturday in August. Persons in the polling place at 6:00 in the evening shall be entitled to vote even though such votes may be cast after 6:00 in the evening, prevailing time. 59 Del. Laws, c. 4; 61 Del. Laws, c. 58; 62 Del. Laws, c. 4; 68 Del. Laws, c. 40; 76 Del. Laws, c. 61;

(b) Voting Machines shall be utilized during Annual Municipal Elections in compliance with the applicable provisions of 15 Del. C. § 7501 et seq. 55 Del. Laws, c. 70; 66 Del. Laws, c. 59; 76 Del. Laws, c. 61;

(c) Every Annual Municipal Election shall be held under the supervision of the Election Officials. The Election Officials shall consist of one (1) Inspector of the Election and such Officers of the Election as shall be appointed by the Commissioners of Rehoboth Beach. The Inspector and such Officers constituting the Election Officials shall be qualified voters of the City of Rehoboth Beach and shall be appointed for that purpose by the Commissioners at least two (2) weeks before such Annual Municipal Election. If, at the opening of the polls, the Election Officials shall not be present, then in such case the persons qualified to vote at such Annual Municipal Election and then present at the opening of the polls shall, by viva voce, select a qualified voter or voters to act as the Election Officials to fill such vacancies caused by the absence of the Election Officials. The Election Officials shall be judges of the Annual Municipal Election and shall decide upon the legality of the votes offered. The Election Officials shall keep a true and accurate list of all voters voting at the Annual Municipal Election. The Election Officials shall have the power to subpoena persons, and officers of the City of Rehoboth Beach and books, records and papers relative to the termination of the validity of any vote or votes offered. 59 Del. Laws, c. 4; 76 Del. Laws, c. 61;

(d) At such annual election, every natural person, male or female, who shall have attained the age of Eighteen (18) years and who shall be freeholder or leaseholder, as defined in the Chapter, in The City of Rehoboth Beach for a period of Six (6) months immediately preceding the date of such Annual Municipal Election, whether or not a resident of the State of Delaware or of The City of Rehoboth Beach shall have One (1) vote, provided such person is registered on the "Books of Registered Voters" of The City of Rehoboth Beach as set forth herein. In addition, every person, male or female, who shall have attained the age of Eighteen (18) years on the date of the Annual Municipal Election who shall be a bona fide resident of the State of Delaware and the City of Rehoboth Beach on the date of the Annual Municipal Election shall be entitled to One (1) vote provided such person shall be registered on the "Books of Registered Voters" of The City of Rehoboth Beach as set forth herein. The Commissioners of Rehoboth Beach shall provide Two (2) registers to be known as the "Books of Registered Voters" which are to be kept at the office of the City Manager. The Books of Registered Voters shall contain the following information for each registrant: The names of the voters arranged in alphabetical order, the permanent address of the voter, the local address of the voter, the birth date of the voter, the date the registrant became a resident of the State of Delaware, the date the registered became a resident of the City of Rehoboth Beach, the date the registrant became a freeholder of the City of Rehoboth Beach and other pertinent information. No person shall be registered upon the Books of Registered Voters unless such person

will have acquired the qualifications to vote in the Annual Municipal Election for the year in which such person registers. A person shall only be required to register One (1) time; provided, however, that if a registered voter fails to vote in Two (2) consecutive Annual Municipal Elections in which there is a contest, his name shall be removed from the Books of Registered Voters and notice sent to said registered voter at his last known address by registered mail with return receipt requested advising that his name has been removed from the list of registered voters and that it will be necessary to register again in order to be eligible to vote in the Annual Municipal Election. The Books of Registered Voters shall be maintained at the office of the City Manager, and shall be conclusive evidence of the right of any person to vote at the Annual Municipal Election. A person may register at the Office of the City Manager during the regular business hours on any day until the close of business on the second Friday in June in any year.

As used in this Chapter 'Freeholder' means a natural person who holds title of record to a fee simple estate or life estate in and to an undivided interest in real property in the City or who holds title of record to real property located within the City has been conveyed, provided that a copy of the trust document identifying a grantor/settler and trustee is on file with the City.

'Real Property' includes condominiums created under the Delaware Unit Property Act.

As used in this Chapter 'Lease' means a valid lease to real property in the City for a term of at least ten (10) years which lease is recorded in the Office of the Recorder of Deeds in and for Sussex County and upon which real property is erected an improvement having an assessed valuation of at least one thousand dollars ($1,000.00) as shown by the records of the City of Rehoboth Beach.

'Leaseholder' as used in this Chapter means an individual holding title to an undivided interest in a Lease or who holds title to a lease as a tenant by the entirety.

As used herein 'resident' shall mean an individual actually residing and domiciled in the City of Rehoboth Beach for a period of six months immediately preceding the date of the election. 59 Del. Laws, c. 4; 60 Del. Laws, c. 556; 61 Del. Laws, c. 58; 62 Del. Laws, c. 4; 68 Del. Laws, c. 40; 76 Del. Laws, c. 18;

(e) In the event of a challenge to the identity or qualifications of a voter, the Inspector of the Election shall hear and decide the challenge. 66 Del. Laws, c. 59; 76 Del. Laws, c. 61;

(f) Upon the close of the election, the votes shall be read and counted publicly and the person having the highest number of votes for each office shall be declared, by the Election Officials, to be duly elected, and such person shall continue in office during the terms for which they were chosen, or until their successors are duly elected or appointed and qualified. 76 Del. Laws, c. 61

(g) In the event of a tie vote for any office, the Election Officials shall determine the tie by lot. 76 Del. Laws, c. 61

(h) The Election Officials, as soon as possible after the polls have closed and the results announced, shall deliver all election documents, envelopes, and absentee ballots to the Board of Elections. The Board of Elections shall secure the documents, envelopes, and absentee ballots until such time that they need to canvass the election. 76 Del. Laws, c. 61

(i) The Election Officials shall enter in a book, to be provided for that purpose, a minute of the election, containing the names of the persons chosen. They shall subscribe the same and shall give to the persons elected certificates of their election. The book, containing such matters, shall be preserved by The Commissioners and shall be evidence in any Court of Law and Equity. 76 Del. Laws, c. 61

## ANNUAL ORGANIZATION MEETING OF COMMISSIONERS

**Section 8-a.**

a. The Commissioners of Rehoboth Beach, at the first regular meeting in September following the annual election, shall meet for the purpose of organization at the usual place for holding meetings of The Commissioners of Rehoboth Beach. The newly elected officers shall assume the duties of their respective offices, being first duly sworn or affirmed to perform their duties with fidelity, which oath or affirmation shall be taken before a Notary Public, a Justice of the Peace or by a holding-over member of The Commissioners. The newly elected Commissioner with the title of Mayor of The City of Rehoboth Beach shall assume the chair of the office of Mayor of The City of Rehoboth Beach. The Commissioners shall likewise select a Secretary from their own number to serve until the first regular meeting after the next succeeding election. They shall also choose an Assistant Secretary to serve as aforesaid, who may or may not be from among their own number and such other officers and employees as may be determined to be necessary. 56 Del. Laws, c. 61; 76 Del. Laws, c. 61;

c.  The Commissioners shall by ordinance fix the salaries and compensation of the employees, officers and agents of the City, and the time and manner of his or her, or their payment; Provided, that the salary or compensation of any such employee, officer or agent shall not be increased, during the term of said office should said appointment thereto be for a designated term. No officer, employee or agent of the City shall in any form have, take, or receive from the City any compensation, in any form, in addition to the salary or compensation fixed by The Commissioners.

d.  The Commissioners shall cause to be kept a full and complete record of all officers appointed, and employees and agents hired by the City, containing the names of such officers, employees and agents, the dates of their employment, the salary and compensation to be by them received and the date of the termination of their services. In the event that they shall hold their office for an indefinite term, the record shall so state.

## MEETINGS

**Section 9.**

(a)  The Commissioners of the City of Rehoboth Beach shall hold meetings at the call of the Mayor (or majority of Commissioners).

(b)  The Commissioners of the City of Rehoboth Beach shall have the same power and authority to enact all ordinances, adopt all resolutions, pass all motions, make all orders and transact all business at such meeting, called as aforesaid. There shall be no less than one meeting held per month.

(c)  All meetings shall be subject to the provisions of Title 29, Chapter 100, Delaware Code. 72 Del. Laws, c. 355

## Quorum

**Section 10-a.**

A majority of the members elected to The Commissioners of Rehoboth Beach shall constitute a quorum; but a less number may adjourn from time to time and may compel the attendance of absent members in such manner and under such penalties as may be prescribed by ordinance adopted by a majority of the entire Commissioners.

## Rules And Minutes Of The Commissioners

**Section 11.**

The Commissioners shall determine its rules and order of business and shall keep a journal of its proceedings and the yeas and nays shall be taken upon the passing of every ordinance and resolution and shall be entered in the journal with the text of the ordinance or resolution.

## Contracts With Members

**Section 12.**

It shall be unlawful for the said The Commissioners of Rehoboth Beach to make or enter into any contract for materials, supplies, work or labor for the use and benefit of the City of Rehoboth Beach with any member of The Commissioners or with any partnership in which any member of The Commissioners is a partner, or with any corporation in which any member of The Commissioners is a director or stockholder, or with any firm or company in which any member of The Commissioners is pecuniarily interested, except with the unanimous consent of the entire Commissioners. Such contracts shall be absolutely null and void without such unanimous consent.

## Duties And Powers Of The Mayor

**Section 13**

a.  The Mayor of the City of Rehoboth Beach shall be sworn or affirmed to perform the duties of his office with fidelity.

b.  He shall be the chief executive of the City. He shall preside at meetings of The Commissioners. He shall receive all communications and complaints and present the same to The Commissioners. He shall sign all

## CHARTER OF REHOBOTH BEACH    9

deeds necessary and contracts made by The Commissioners and shall countersign all checks and warrants authorized by The Commissioners and drawn on the Treasurer for the payment of money. He shall be a member, ex-officio, of all committees, and shall perform such other duties as may be prescribed by ordinance, or by the by-laws adopted by the said The Commissioners, and shall have all and every power conferred, and perform the duties imposed upon him by this Charter or the ordinances of the City.

c.  In the performance of his duties as Mayor of the City of Rehoboth Beach, he shall be known and designated as Mayor of the City of Rehoboth Beach and in executing any deed, lease, contract, warrant on the Treasurer, or other papers and instruments in writing necessary for him, as such Mayor of the City of Rehoboth Beach, to sign, he shall sign and execute the same as Mayor of the City of Rehoboth Beach.

d.  As a Commissioner of Rehoboth Beach and as Mayor of the City of Rehoboth Beach, he shall have the same right as other Commissioners to vote on all matters and may at any time appoint another Commissioner to preside if he desired to make a motion, move the adoption of a resolution, second either, or debate any question from the floor and may thereafter immediately resume his duties as presiding officer.

e.  In addition to his powers and duties as Mayor of the City of Rehoboth Beach, he shall, as Mayor of the City of Rehoboth Beach, have all powers of a Justice of the Peace within said City and shall have jurisdiction and cognizance on all breaches of the peace and other offenses committed within the limits of the City as far as arrest and hold to bail and fine and imprisonment offenders. He shall have jurisdiction and cognizance of all fines and penalties prescribed by this Charter, ordinances enacted hereunder, or any law of the State of Delaware; of all neglects, omissions or defaults of any member of the Police Force or other Town Officer, agent or employee; provided, that he shall impose no fine and penalty in excess of that fixed by the ordinance; which, in any event, shall not exceed a fine of $500.00, or such sum as may hereafter be made the maximum fine under the State Motor Vehicle Code, and shall not commit to prison for a longer term than thirty days; provided, however, that in motor vehicle violations the fines and penalties imposed under the ordinances of the City of Rehoboth Beach shall be the same as those provided by the Laws of Delaware for the same offense. The jails of Sussex County may be used for imprisonment under the provisions of this Charter; provided, that The Commissioners shall pay for the board of persons committed for breaches of ordinances, which are not breaches of the General Law.

f.  As Mayor of the City of Rehoboth Beach, he shall also have jurisdiction in suits of civil nature for the collection of taxes and assessments, recovery of amounts due and payable for the construction of sidewalks, curbs or pavements, expenses of abatement of nuisances, and all other matters which may arise in the proper government and control of the City under the provisions of this Charter. Within his jurisdiction, he shall have all the powers and authority and shall be subject to all the limitations of a Justice of the Peace of Sussex County, except as herein otherwise provided; and his fee shall be the same as those of a Justice of the Peace for like services. For any service or duty in which no fee is provided by law, such fee shall be established by ordinance.

g.  Upon the expiration of this term of office or upon resignation or removal from office, he shall forthwith turn over all records, books, papers, documents and other things belonging to or appertaining to his office of Mayor of the City of Rehoboth Beach. He shall also pay over to the Treasurer all monies in his hands belonging to the City. Upon neglect of failure to make such delivery or payment for the space of five (5) days, he shall be deemed guilty of a misdemeanor and, upon conviction in the Court of General Sessions of the State of Delaware, shall be fined not more than $500.00, or imprisoned for not more than one year, or shall suffer both fine and imprisonment at the discretion of the Court.

h.  As Mayor of the City of Rehoboth Beach, he shall, at every regular monthly meeting of The Commissioners, report in writing all fines imposed by him and all fines and penalties and other money received by him for the preceding month belonging to the City. He shall pay all such monies to the Treasurer within ten (10) days after making report thereof to The Commissioner and failure to make report thereof to The Commissioners, or for failure to make payment to the Treasurer for the space of ten (10) days, he shall be deemed guilty of a misdemeanor and shall be punished upon conviction as hereinbefore provided.

i.  As Mayor of the City of Rehoboth Beach, he shall keep a docket in which all his official acts shall be entered which shall be open to public inspection and examination at all times.

### The Secretary

**Section 14**

a.  The Secretary shall have charge and custody of the books, journal, records, papers and other effects of the City and shall keep the same in a safe and secure place. He shall keep a full and complete record of all the

transactions of The Commissioners of Rehoboth Beach. He shall be ex-officio, a member of all committees and shall keep a record of the transactions and proceedings of the same, together with such other duties as may be prescribed by this Charter or by ordinance or rule of The Commissioners of Rehoboth Beach. He shall file and keep in a safe place the seal of The Commissioners of Rehoboth Beach and all papers and documents arising out of the proceedings of The Commissioners of Rehoboth Beach and relative to the affairs of the City. He shall deliver the same to his successor in office. He shall attest the seal of The Commissioners of Rehoboth Beach when authorized by The Commissioners and shall perform such duties and have such other powers as may be prescribed by ordinance.

b.  All books, records and journals of the corporation in the custody of the Secretary may, in the presence of the Mayor, Secretary, Assistant Secretary, or any member of the Commissioners of Rehoboth Beach be inspected by any freeholder of the City desiring legitimate information at any time, or times, as may be convenient.

c.  All records, books, papers and documents in the custody of the Secretary shall at all times be open for the inspection of members of The Commissioners of Rehoboth Beach.

d.  The compensation of the Secretary for his duties, as such, shall be determined by The Commissioners.

### Assistant Secretary

**Section 15.**

The duties and powers of the Secretary as hereinbefore prescribed shall devolve upon the Assistant Secretary in the absence or inability of the Secretary. The Assistant Secretary shall likewise perform such other duties and have such other powers as may be prescribed by ordinance of The Commissioners of Rehoboth Beach.

### The Treasurer

**Section 16**

a.  A Treasurer of the City of Rehoboth Beach shall be appointed by The Commissioners of Rehoboth Beach at their annual meeting hereinbefore provided. He shall hold his office for the term of one year from the date of his appointment at such annual meeting or if he be appointed to fulfill an unexpired term, his appointment shall expire one year from the date of the annual meeting immediately preceding his appointment.

b.  The Treasurer of the City of Rehoboth Beach shall be a substantial freeholder of Lewes and Rehoboth Hundred. The Treasurer of the City of Rehoboth Beach shall be either a person resident in said Town or a corporation doing business therein.

c.  The compensation to be received by the Treasurer of Rehoboth Beach shall be fixed by The Commissioners of Rehoboth Beach.

d.  The Treasurer shall file with The Commissioners of Rehoboth Beach, a Bond with corporate surety, approved by The Commissioners in the sum of not less than $5,000.00 to be paid for by The Commissioners. The Bond shall be conditioned upon the faithful performance of his duties of his office and the restoration to The Commissioners of Rehoboth Beach in the case of his death, resignation or removal from office of all books, papers, vouchers and other property of whatever kind in his possession belonging to The Commissioners of Rehoboth Beach.

e.  The Treasurer shall be the custodian of all the funds of the City. He shall deposit them in banking institutions prescribed by The Commissioners.

f.  All sums paid on account of assessments for the sewer system and sewage treatment plant authorized by Chapter 119, Volume 38, Laws of Delaware, shall be by him deposited within forty-eight hours of their receipt, in some banking institution authorized by The Commissioners as a "Sinking Fund for Sewers" and shall be by him kept entirely separate and distinct from any other funds handled by said Treasurer. All such amounts thus received shall form a sinking fund and shall only be paid out for the indebtedness incurred for building said sewers and sewage treatment plant authorized by the aforesaid Act, for paying the interest thereon as it becomes due, and for retiring the Bonds in accordance with the provisions of the aforesaid Act.

g.  The Treasurer shall pay out no money except upon check or warrant countersigned by the Mayor of the City of Rehoboth Beach and authorized by The Commissioners of Rehoboth Beach.

h.  He shall keep a true, and accurate and detailed account of all monies received and of all monies paid out by him. He shall preserve all vouchers for monies paid out by him and his books and accounts shall, at all times,

## CHARTER OF REHOBOTH BEACH

be open to inspection by The Commissioners. He shall make such reports and at such times as The Commissioners shall direct.

i.   He shall prepare, in conjunction with the Secretary and the City Manager an annual report of the financial condition of the City, showing receipts and expenditures and submit the same to the Board of Commissioners, which said report shall be open to inspection to any freeholder of the City. He shall take his affidavit to his belief in the truth and correctness of such annual report and, at the end of the fiscal year, shall publish the same in one issue of a newspaper published in said City.

j.   The Treasurer shall perform such other duties as The Commissioners of Rehoboth Beach may from time to time prescribe or require.

### City Manager

**Section 17**

a.   The Commissioners of Rehoboth Beach shall appoint a City Manager who shall be Chief Administrative Officer of the City.

b.   No person shall be appointed to the office of City Manager of the Commissioners of Rehoboth Beach unless he shall have received a degree in engineering from an approved college or university, or shall have served as City Manager of some other incorporated municipality for a period not less than four (4) years or shall have had practical engineering experience for a period of not less than four (4) years; provided, however, that nothing contained herein shall prohibit the Commissioners of Rehoboth Beach from imposing such other qualifications as may be deemed necessary; And provided further, that no person holding the office of Mayor of the City of Rehoboth Beach or the office of Commissioner shall be chosen to be City Manager during his term of office as Mayor or Commissioner.  55 Del. Laws, c. 260

c.   The City Manager shall hold office for an indefinite term and may be removed by a majority vote of the Commissioners. At least thirty days before such removal shall become effective, The Commissioners shall by a majority vote of its members adopt a preliminary resolution stating the reasons for his removal. The manager may reply in writing and may request a public hearing which shall be held not earlier than twenty days nor later than thirty days after the filing of such request. After such public hearing, if one be requested, and after full consideration, The Commissioners by majority vote of its members may adopt a final resolution of removal. By the preliminary resolution, The Commissioners may suspend the manager from duty, but shall in any case cause to be paid him forthwith any unpaid balance of his salary and his salary for the next three calendar months following adoption of the preliminary resolution.

d.   In case of the absence or disability of the Manager, the Commissioners may designate some qualified person to perform the duties of such office during his absence or disability. The compensation which the Manager shall receive for the performance of his duties shall be fixed by The Commissioners of Rehoboth Beach.

e.   The City Manager shall be responsible to The Commissioners of Rehoboth Beach for the proper administration of the affairs of The City placed in his charge and to that end he shall have the power to appoint and remove all officers and employees of The City. All appointments made by the Manager shall be without definite term. All such employees appointed by the Mayor, or by his authorization, may be removed by him at any time. He shall exercise his sole discretion in the appointment or hiring of any such employees; provided, however, that if a resident or residents of The City, competent to perform the work required by the Manager, can be found, such resident or residents shall be given first choice. The Manager shall be the sole judge of the competence or incompetence of any such person. The Commissioners of The City of Rehoboth Beach shall sit as a Board of Appeal for the protection of City employees at those times when the majority of all The Commissioners are agreed that a review of the action of the City Manager would be in the best interest of The City of Rehoboth Beach. The decision of The Commissioners in such cases shall be final and conclusive.

f.   It is the intention of this Charter that, in the performance of his duties and in the exercise of his powers, the City Manager shall not be influenced by any matters whatsoever of a political or factional nature. It is the intention of this Charter that the City Manager shall be guided solely by matters of expediency and efficiency in the administration of the affairs of the City placed in his charge. To that end, neither The Commissioners nor any of its committees or members shall direct or request that appointment of any person to, or his removal from, any office by the City Manager or any of his subordinates, nor, in any manner, take part in the appointment or removal of the employees in the administrative service of the affairs of the City under the charge of the Manager. Except for purposes of inquiry, The Commissioners and its members shall deal with that portion of the administrative service for which the Manager is responsible solely through the Manager, and neither The

Commissioners, nor any member thereof, shall give orders to any subordinate of the City under the City Manager either publicly or privately.

g.  It shall be the duty of the City Manager to supervise the administration of the affairs of the City under his charge. He shall make such recommendations to The Commissioners concerning the affairs of the City as may seem to him desirable. He shall keep the Commissioners advised of the financial conditions and future needs of the City. He shall prepare and submit to The Commissioners the annual budget estimate. He shall render to The Commissioners, at their monthly meeting of each and every month, a true, accurate and detailed account of all monies collected or by him received in the performance of his duties, and shall promptly turn over the same to the Treasurer of Rehoboth Beach.

h.  In conjunction with the Mayor of the City of Rehoboth Beach, he shall sign warrants on the Treasurer of the City pursuant to appropriations or resolutions theretofore made by The Commissioners. He shall prepare and submit to The Commissioners such reports as may be required by that body. He shall perform such other duties as may be prescribed by this Charter or required of him by ordinance or resolution of The Commissioners.

i.  The City Manager and such other officers of the City as may be designated by vote of The Commissioners shall be entitled to seats in the meetings of The Commissioners but shall have no vote therein.

j.  The City Manager shall have charge of the light, water, sewer, gas, or other public utility system or plant or plants of the City. He shall have charge of the supervision of street, gutters, curbs, sidewalks, boardwalk, jetties, piers, parks and other administrative affairs of the City and of all work relating thereto. He shall have charge of and shall collect all taxes, assessments, rentals, license fees, or other charges due the City. He shall have charge of the administration of all provisions of this Charter and ordinances and resolutions of The Commissioners relating to the affairs of the City, when not otherwise provided for by this Charter, or by any ordinance or resolution of The Commissioners. He shall pay over to the City Treasurer, at least monthly, as hereinbefore provided, and oftener if required by The Commissioners, all monies received or collected by him and by any employee under him.

k.  He shall keep a full and strict account of all monies received and all disbursements by him and such account shall, at all times, be open to inspection by The Commissioners.

l.  He shall give The Commissioners of Rehoboth Beach a Bond, if required by that body, in such sum and in form and with security satisfactory to that body for the faithful performance of the duties of his office and the restoration to The Commissioners of Rehoboth Beach, in case of his death, resignation or removal from office, of all books, papers, vouchers, money and other property of whatever kind in his possession belonging to the City.

m.  In the event of a vacancy in the office of City Manager for any reason or reasons whatsoever, the duly appointed and qualified successor to that office shall succeed to all the rights, privileges and powers theretofore reposed in his predecessor or predecessors in office in the same manner as though all acts, deeds and steps theretofore taken by any such predecessor or predecessors with respect to any matter or thing pertaining to said office had been taken or performed by the successor to such office.  56 Del. Laws, c. 61

**Auditors**

**Section 18**

a.  Three auditors of accounts, who may or may not be residents, but who shall be substantial free holders of The City, shall be appointed by The Commissioners at each annual meeting hereinbefore provided to serve for the term of one year or until their successors shall have been duly appointed and qualified.

b.  It shall be their duty to audit the accounts of The City and all of its officers whose duty involves the collection, custody and payment of monies to The City. They shall audit the books of the Mayor of The City of Rehoboth Beach, and the records of all fines, penalties and costs imposed or collected by him pursuant to any judgment, order, or decree made. The auditors on or before the fifteenth day of September, annually, next following their appointment, shall make and deliver a detailed report of every and all accounts, records, and books by them examined and audited, which report under their hands and seals shall be printed in a newspaper published in The City in the issue immediately succeeding their annual report. The auditors, in the performance of their duties, shall have access to all records and accounts of the offices of The Commissioners and they are authorized and empowered to employ such clerks and accountants as in their judgment may be necessary in the proper performance of their duties at such compensation as may be determined by The Commissioners.

## CHARTER OF REHOBOTH BEACH                                    13

56 Del. Laws, c. 61; 75 Del. Laws, c. 383;

### City Solicitor

**Section 19.**

The Commissioners shall select and appoint a City Solicitor for an indefinite term who shall be removable at the pleasure of The Commissioners of Rehoboth Beach either with or without due cause stated. The City Solicitor shall be a member in good standing of the Bar of the State of Delaware. It shall be his duty to give legal advice to The Commissioners and other offices of The City and to perform other legal services as may be required of him by The Commissioners." 75 Del. Laws, c. 383

### Board Of Elections

**Section 20**

(a) The Mayor and Commissioners of the City of Rehoboth Beach shall appoint the Board of Elections members for a term of three (3) years. However, initial appointments shall consist of one (1) person with an appointment for one (1) year, one (1) person with an appointment for two (2) years, and one (1) person with an appointment for three (3) years. The Board of Elections shall consist of any odd number of members, but shall not be less than three (3) members. All members of the Board of Elections shall meet the appointment qualifications as specified in 15 Del.C. §7501 et seq.

(b) Board of Elections appointees shall be sworn or affirmed by the Alderman of the City of Rehoboth Beach, the Mayor of the City of Rehoboth Beach, or a Justice of the Peace. Confirmation of a member of the Board of Elections shall have that member swear or affirm both orally and in writing the oath specified in 15 Del.C. §7501 et seq.

(c) It shall be the duty of members of the Board of Elections, as empowered by 15 Del.C. §7501 et seq. and the ordinances of the City, to perform prescribed duties with fidelity and without favor or electioneering to accomplish the proper conduct of municipal candidate elections within the City of Rehoboth Beach.

(d) Any member of the Board of Elections may be removed from office for cause after a public hearing by a majority vote of the Commissioners of Rehoboth Beach.

(e) Any and all aspects of process and procedures with regard to the Board of Elections shall be consistent with the Delaware Freedom of Information Act, 29 Del.C. §10001 et seq. 75 Del. Laws, c. 383; 76 Del. Laws, c. 61;

### Police Force

**Section 21**

a. The Commissioners shall, from time to time, make rules and regulations as may be necessary for the organization, government and control of the Police Force. They shall preserve peace and order and shall compel obedience within the limits of the City to the ordinances of the City and the laws of the State of Delaware. They shall have such other duties as the Commissioners shall from time to time prescribe. The Chief of Police and the members of the Police Force shall be subject to the direction of the City Manager acting on behalf of the Commissioners.

b. Each member of the Police Force shall be vested within the limits of the City with the enforcement of the laws of the State of Delaware and the ordinances of the City and in the case of the pursuit of an offender the power and authority of the Police Force shall be without territorial limitations. Each member of the Police Force shall have the power of arrest for a violation of the laws of this State or of an ordinance of the City when committed within the jurisdiction of the City.

c. Every person sentenced to imprisonment by the Alderman or the Assistant Alderman of the City or by a Justice of the Peace shall be delivered to the proper authorities at the Department of Correction as directed by the Alderman or the Assistant Alderman or by a Justice of the Peace.

d. It shall be the duty of the Police Force to suppress riotous, disorderly or turbulent assemblages of persons in the streets of the City or the noisy conduct of any person in the same, and upon view of the above or upon view of the violation of any ordinance of the City relating to the peace and good order of, any member of the Police Force shall have the right and power to arrest without warrant.

# CHARTER OF REHOBOTH BEACH

e.  The Rehoboth Beach Patrol shall be composed of a Captain of the Beach Patrol and such other members or subordinates as the Commissioners may from time to time deem necessary.

f.  The Commissioners shall have the power to establish rules and regulations covering the qualifications of members of the Beach Patrol; provided, however, each member of the Beach Patrol shall pass a test substantially equal to the test required of a Senior Lifesaver by the American Red Cross.

g.  Compensation to be received by the members of the Rehoboth Beach Patrol shall be fixed by the Commissioners. They shall be under the direct control of the City Manager; provided, however, that in cases of emergency members may be called upon by the Chief of the Police Force to assist the members of the Police Force in the performance of their duties. In such cases, each member of the Beach Patrol shall be vested with all the authority of a member of the Police Force.

h.  The Rehoboth Beach Patrol shall be in direct charge of the preservation of human life along the beachfront of the City. The Beach Patrol shall restrain and suppress careless, dangerous or wanton conduct to bathers and swimmers along the beachfront of the City. They shall restrain and suppress unseemly conduct. They shall enforce regulatory measures adopted by the Commissioners and shall have such other duties as the Commissioners shall, from time to time, prescribe.

i.  In the performance of their duties, the members of the Rehoboth Beach Patrol shall be vested with all the powers and authorities of a member of the Police Force of the City.

j.  They shall be in direct charge of the preservation of human life along the beach front of the City. They shall restrain and suppress the careless, dangerous or wanton conduct of bathers and swimmers along the beach front of the City. They shall restrain and suppress unseemly conduct, and the wearing of unseemly apparel by those enjoying the advantages of the beach front of the City as those terms are defined by The Commissioners. They shall enforce regulatory measures ordained by The Commissioners in respect to the cleanliness, uses, and enjoyments of the beach front of the City and shall have such other duties as The Commissioners shall, from time to time prescribe.

k.  In performance of their duties, they shall be vested with all the powers and authorities of a member of the Police Force of the City. 64 Del. Laws, c. 83

## Alderman And Assistant Alderman

**Section 21A.**

(a)  Appointment.  An Alderman or Assistant Alderman shall be recommended by the City, appointed by the Governor and confirmed by the Delaware State Senate.  Once confirmed the Alderman or Assistant Alderman shall be sworn into office by the Mayor, and evidence of his or her appointment shall be recorded at the Recorder of Deeds in Sussex County.

(b)  Appointment and Reappointment Nomination.  When a vacancy occurs the Commissioners of Rehoboth Beach shall, by majority vote, submit one or more qualified candidates and the application(s) and supporting documentation to the Governor for consideration of appointment.  Not less than thirty (30) days prior to the expiration date of an Alderman's or Assistant Alderman's term, the Commissioners of Rehoboth Beach shall, by majority vote, determine whether or not to recommend reappointment of the Alderman or Assistant Alderman for an additional term.  The City shall submit a letter of recommendation to the Governor for consideration of reappointment, or alternatively, its written recommendation of one or more qualified candidates along with their applications and supporting documentation to the Governor for consideration of appointment.

(c)  Term of Office.  The Alderman and Assistant Alderman shall serve a two-year term and shall remain in office until either reappointed or a successor is duly qualified.

(d)  Removal.  An Alderman or Assistant Alderman may be censured or removed subject to the provisions of Article IV, Section 37 of the Delaware Constitution of 1897 and the Rules of the Court on the Judiciary.  An Alderman or Assistant Alderman may also be replaced upon expiration of a term, following Senate confirmation of a new Alderman or Assistant Alderman.

If any Alderman or Assistant Alderman has been removed from office by Senate confirmation of a new nominee or by action of the Court on the Judiciary, he or she shall, within five (5) days of the Senate confirmation or Court on the Judiciary action, deliver to the Mayor all the books and papers belonging to the City, and shall within five (5) days pay over to the Treasurer all moneys in his or her hands.  Immediately after the receipt of the books and papers belonging to the office of either the Alderman or Assistant Alderman, the

Mayor may require the auditor of the City to make an audit of the books and papers of the official who has been replaced. Upon the neglect or failure to deliver all the books and papers to the Mayor within the time specified by this Charter, or to pay over all of the moneys to the Treasurer within the time specified, the Alderman or Assistant Alderman, so replaced, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than Twenty-five Dollars ($25) nor more than One Hundred Dollars ($100) for each day that he or she fails to deliver the books and papers to the Mayor or to pay over all moneys to the Treasurer.

(e) Vacancy. In the absence of the Alderman, or when a vacancy occurs in the office of Alderman, the Assistant Alderman shall exercise all the powers, duties, and responsibilities of the Alderman as set forth in this Charter. When a vacancy occurs for an Alderman and there is no Assistant Alderman to act as Alderman, and the Delaware State Senate is recessed for more than six (6) weeks, the City may elect to have a retired Magistrate act as Alderman pending confirmation of a nominee with the Delaware State Senate. Such retired Magistrate must meet the appointment qualifications of 10 Del.C.§ 9211(a) to serve in such capacity, and shall receive such compensation as may be established by the Commissioners of Rehoboth Beach. A retired Magistrate acting as Alderman shall have all powers, duties, and responsibilities of the Alderman as set forth in this Charter.

(f) Qualifications. Any person appointed to serve as Alderman or Assistant Alderman shall be at least twenty-one (21) years of age, a United States citizen, of good character and reputation, shall reside within Sussex County, and shall not be a Commissioner or otherwise an officer or employee of the City of Rehoboth Beach.

(g) Oath of Office. Within fourteen (14) days of Senate confirmation the Alderman or Assistant Alderman shall be sworn or affirmed by the Mayor to perform the duties of office honestly, faithfully, diligently, and to uphold and enforce the Charter of the City of Rehoboth Beach and ordinances duly enacted by the Commissioners of Rehoboth Beach.

(h) Duties. It shall be the duty of the Alderman and Assistant Alderman to adjudicate actions brought under any ordinances legally enacted or established by the government of the City and to carry into effect all legally binding orders and directions of the Commissioners of Rehoboth Beach made pursuant to any law of this State or its Constitution. In carrying out the duties of the office, an Alderman or Assistant Alderman shall comply with the ethical responsibilities required of Aldermen in this State and shall operate the court in accordance with the Criminal Rules of Procedure for the Alderman and Mayor Courts of the State of Delaware.

(i) Compensation. The compensation of the Alderman and Assistant Alderman shall be fixed by the Commissioners of Rehoboth Beach and approved in conjunction with the Commissioners' adoption of the City operating budget. If no change is proposed and approved by the Commissioners of Rehoboth Beach, the previously established compensation rate shall continue in effect until revised by a majority vote of the Commissioners of Rehoboth Beach. Such compensation shall not be contingent upon or related to the amount of any civil or penal fines imposed or collected through the Alderman Court and shall not be reduced during the term of office.

(j) Alderman's Docket. The Commissioners of Rehoboth Beach shall procure suitable records for the use of the Alderman and the Assistant Alderman. Such records shall be known as the "Alderman's Docket". The Alderman and Assistant Alderman shall record all official acts and proceedings in the Alderman's Docket. All criminal matters, but not civil matters, shall be entered into the Delaware Criminal Justice Information System (DELJIS) as required by law.

(k) Jurisdiction. The Alderman and Assistant Alderman shall have jurisdiction and cognizance of all breaches of the peace, offenses and violations of any civil or criminal ordinance of the City committed within the corporate limits of the City of Rehoboth Beach. As to such offenses or violations over which they are given jurisdiction by this Charter or by any other law of the State of Delaware, the Alderman and Assistant Alderman shall be authorized and empowered to hold for bail, set bail, impose fines, or imprison, for each offense or violation in accordance with the penalties provided by this Charter, by any City Ordinance enacted hereunder, or as provided by any law of the State of Delaware; provided, however, that the maximum fine which the Alderman or Assistant Alderman may impose shall never exceed the limits established by this Charter.

(l) Civil and Criminal Penalties; Costs. Neither the Alderman or the Assistant Alderman shall impose any penalty in excess of the penalties established in this Charter for adjudicated offenses exclusive of costs nor imprison any offender for more than thirty (30) days, or both, except as otherwise specifically provided in this Charter or by state statute; but the Alderman and Assistant Alderman may, in addition to any other fine or term of imprisonment permitted to be assessed or imposed, impose and collect such costs as are set by ordinance by the Commissioners of Rehoboth Beach.

(m) Monthly Report to Commissioners.  The Alderman and Assistant Alderman shall prepare and submit a written monthly report to the Commissioners of Rehoboth Beach reporting all fines and penalties imposed during the preceding calendar month and shall pay to the Treasurer of the City all such fines and penalties at such times as the Commissioners of Rehoboth Beach shall direct.  Neither the Commissioners of Rehoboth Beach nor the Mayor may establish or communicate an expected revenue budget for the Alderman Court apart from the adoption of the annual City Budget.

(n) Alderman Court Facilities and Staff.  The City of Rehoboth Beach shall provide adequate and appropriate facilities and staff to facilitate the independent judicial operations of the Alderman Court.  Facilities shall be separate from conflicting city operations, including, but not limited to, police agency functions.  The city may house the Alderman Court in a common municipal building, so long as the Alderman's Court is provided space physically separate from other town functions and is further situated in such a manner to foster public confidence in the independence of the Court.  Likewise, staff assigned to the Court shall not be shared with conflicting city government operations. 56 Del. Laws, c. 194; 59 Del. Laws, c. 78; 64 Del. Laws, c. 83; 70 Del. Laws, c. 127; 79 Del. Laws, c. 49;

## Tax Assessor

**Section 22.**

a.    The Commissioners of Rehoboth Beach shall appoint a qualified person or firm to serve as Tax Assessor. Such person or firm shall serve until a new person or firm has been duly appointed by the Commissioners.

b.    No person or firm shall be appointed as the Tax Assessor of the City of Rehoboth Beach who is not fully qualified under the regulations and Code of the State of Delaware to perform real estate tax assessments.

c.    It shall be the Tax Assessor's duty to make a fair and impartial assessment of property subject to taxation situated within the City and to perform such other duties in reference thereto as shall be prescribed, from time to time, by The Commissioners of Rehoboth Beach. 79 Del. Laws, c. 383;

## Assessment Of Taxes

**Section 23**

a.    The Tax Assessor shall, prior to the first Monday in March, make a just, true and impartial annual valuation or assessment of all real estate and of all improvements having a valuation of at least One Thousand Dollars ($1,000.00) located on land which has been leased under a valid lease for a term of at least ten (10) years and which lease has been recorded in the Office of the Recorder of Deeds, in and for Sussex County, located within The City of Rehoboth Beach. In making such assessment, the rules and exemptions now applicable by law to the making of the County Assessment of persons and properties shall be applicable insofar as consistent with the provisions of this Charter. All real estate and all improvements located on land under a valid lease, as aforesaid, shall be described with sufficient particularity to be identified. Real estate shall be assessed to the owner or owners if he or they be known. All improvements located on land under a valid lease, as aforesaid, shall be assessed to the leaseholder. If the owner or owners of real estate cannot be found or ascertained, it may be assessed to "Owner Unknown". A mistake in the name of the owner or owners, or a wrong name, or an assessment to "Owner Unknown," shall not affect the validity of the assessment of any municipal tax or assessment based thereon; provided, the assessment shall specify the last record owner or owners thereof as the same shall appear from the records in the Office of the Recorder of Deeds of Sussex County at Georgetown, Delaware. 56 Del. Laws, c. 61;

b.    The Tax Assessor shall in a timely manner send by first-class mail a written notice to any property owner whose assessment is changed indicating the new valuation placed thereon.

c.    The Tax Assessor, after making such annual assessment, shall, on the first Monday of May, aforesaid, deliver to The Commissioners of Rehoboth Beach a list containing the names of all persons assessed and the amount of the assessment against each. They shall also deliver at such time as many copies of said list as The Commissioners shall direct.

d.    The annual assessment list shall be arranged so that the assessment of land, the improvements thereon, and any improvements located on lands under lease as defined herein appear in separate columns or spaces. All assessments of value made by the Tax Assessor shall be made accordingly.

e.    Any real property owned in whole or in part by a Tax Assessor or a member of a Tax Assessor's immediate family, if an individual, shall be assessed by the Commissioners of Rehoboth Beach.  Any real property owned

## CHARTER OF REHOBOTH BEACH                                    17

in whole or in part by an owner or employee of the Tax Assessor or a member of their immediate family, if a firm, shall be assessed by the Commissioners of Rehoboth Beach.

f.  Immediately upon receiving the annual assessment list from the Tax Assessor, the Commissioners of Rehoboth Beach shall cause a full and complete alphabetically arranged copy of the same, containing the amount assessed to each taxable to be posted in City Hall in the City of Rehoboth Beach, and there it shall remain for a period of at least ten days for the information of and examination by all concerned. Appended thereto and also in five or more public places in said City shall be posted notices advising all concerned that any property owner or leaseholder who desires to appeal their assessment shall file an appeal, in writing, with the City Manager of the City of Rehoboth Beach stating the reason or reasons therefor not later than a certain day mentioned therein which date shall not be earlier than ten days after the date of posting the true and correct copy of the annual assessment list. 60 Del. Laws, c. 622

g.  At the first regular meeting of the Commissioners of the City of Rehoboth Beach following the expiration of the time set for filing an appeal, the Commissioners of Rehoboth Beach will fix a time and date when the Commissioners of Rehoboth Beach will sit as a Board of Appeals to hear appeals timely filed in writing taken from the said annual assessment as determined by the Tax Assessor. Any person taking an appeal before the Commissioners of the City of Rehoboth Beach sitting as a Board of Appeals may appear in person or may be represented by any third party who has written authorization to so appear. The decision of the Commissioners of Rehoboth Beach sitting as a Board of Appeals shall be final and conclusive unless an appeal is taken to the Superior Court of the State of Delaware, in and for Sussex County, within ten days from the date of the said hearing, and the Commissioners of Rehoboth Beach shall revise and complete said assessment at this sitting.

h.  No Commissioner shall sit as a member of the Board of Appeals upon his own appeal, but the appeal by any Commissioner of the City of Rehoboth Beach shall be heard and determined by the other members of the Board of Appeals in the same manner as hereinbefore provided.

i.  The Tax Assessor shall be present on the day fixed for hearing appeals and shall furnish to the Commissioners such information and answer such questions as the Commissioners may require in respect to any assessment from which an appeal has been taken. The Commissioners shall have authority to enforce the attendance of the Tax Assessor by appropriate process. 79 Del. Laws, c. 383

### Supplemental Assessment

**Section 23A.**

a.  In addition to the annual assessment provided for herein, the City Manager may, at the City Manager's option, direct the Tax Assessor to prepare a quarterly supplemental list for the purpose of adding property not included on the last assessment or increasing the assessed value of property which was included on the last assessment. The supplemental list may be used to correct errors on the prior assessment rolls and to remove or modify any exemption from taxation applicable to property in the City.

b.  Such supplemental list shall be prepared quarterly in each tax year. The first such supplemental list shall be certified on July 1 of each year; the second on October 1 of each year; the third on January 1 of each year; and the fourth on April 1 of each year.

c.  On the date of certification of a supplemental list, the property owners listed thereon shall be liable to pay taxes equal to the assessed value of the property multiplied by the tax rates for the then current tax year applicable to the property, reduced by 25% where the property is listed on the second supplemental assessment roll; by 50% where the property is listed on the third supplemental assessment roll; and by 75% where the property is listed on the fourth supplemental assessment roll; and the amount of such tax shall be and remain a lien on such property from the time of its certification. In the collection of said taxes, before the first day of the second month after certification, there shall be no penalty. On all taxes paid after the first day of the second month after certification, a penalty at the rate of one and one-half percent (1½%) shall be added until the same shall have been paid. All taxes unpaid after the first day of the second month after certification shall be considered delinquent. In effecting collection of any delinquent tax, the Commissioners of the City of Rehoboth Beach may impose a collection charge not to exceed eighteen percent (18%) of the amount of the tax and any penalty imposed thereon.

d.  Appeals shall be made to the Board of Appeals as provided in Sections 23(f) through (i). In no case shall the supplemental assessment procedure be employed to impose taxes retroactively. 79 Del. Laws, c. 383

### Levy Of Annual Taxes

**Section 24**

a.  At the regular meeting in June, after having revised and completed the assessment, The Commissioners shall determine, to their best judgment and knowledge, the total amount necessary to be raised by The City to meet all fixed and anticipated expenses and obligations of The City, including reasonable and appropriate reserve, for the then current fiscal year as set forth in the City Budget for such year plus a reasonable amount to cover unanticipated expenses and emergencies.

b.  The Commissioners shall then proceed to determine, in their sole discretion, from which sources of the authorized revenues of the City the amount so determined by them shall be raised and, within the limits prescribed by this Charter with respect to any such source, the amount to be raised from each such source. The Commissioners shall then proceed to determine, assess, fix and/or levy:

  1.  the rate of tax on real estate including improvements thereon per One Hundred ($100.00) of assessed value and the rate of tax on improvements per One Hundred ($100.00) of assessed value located on land under a lease for a period of at least ten (10) years which said lease has been recorded in the Office of the Recorder of Deeds, in and for Sussex County; and/or

  2.  the rate of tax upon all poles, constructions, erections, wires and appliances more particularly mentioned, or intended so to be in sub-Section 29(a)(32) of this Charter, as amended; and/or

  3.  the several license fees to be charged for carrying on or conducting of the several businesses, professions or occupations more particularly mentioned, or intended so to be, in sub-Section 29(a)(33) of this Charter, as amended; and/or

  4.  the several rates to be charged for furnishing water service, sewer service, electric service, gas service, garbage and refuse collection; and/or

  5.  the fees or rates to be charged in respect of any other authorized source of revenue sufficient in their best judgment and estimation to realize the amount to be raised from each such source determined by them to be used, as aforesaid: Provided, however, that sources 3, 4 and 5 aforementioned, may be determined, fixed, assessed, levied and/or altered or changed upon other than a fiscal year basis and at any other regular or special meeting of The Commissioners as they in their own proper discretion shall determine.

c.  Immediately after their regular meeting in June of each and every year, The Commissioners shall make, or cause to be made, a full, true and correct annual tax list showing the amount of tax levied against each taxable thereon from sources 1 and 2 abovementioned. This list shall be known as the annual tax list of the City of Rehoboth Beach. In addition to the information contained in the assessment list, it shall likewise contain information as to the rate of tax upon real estate per $100 of assessed value thereof.

d.  The Commissioners shall cause to be delivered to the City Manager a duplicate of said annual tax list, and the City Manager shall immediately proceed to collect the same as hereinafter provided.

e.  Nothing contained in this Charter shall be construed to effect or impair in any way the validity of any tax, fee, assessment or other charge lawfully levied, assessed, or due the City of Rehoboth Beach under existing laws in reference to said City and the same are hereby declared to be valid, binding and vested in the City of Rehoboth Beach created hereby. 79 Del. Laws, c. 383

**Collection Of Annual Taxes**

**Section 25**

a.  The City Manager, as soon as The Commissioners shall have placed in his or her hands the duplicate annual tax list, shall proceed at once to collect the taxes on said duplicate list.

b.  All taxes so laid or imposed by The Commissioners of Rehoboth Beach in such annual tax list, shall be and constitute a lien upon all the real estate together with improvements located thereon and a lien upon any improvements located on land under lease, as defined herein, of the taxable against or upon whom such taxes are laid or imposed, of which such taxable was seized or possessed, at any time after such taxes shall have been levied and imposed, that is situated in The City of Rehoboth Beach. In the case of a life estate, the interest of the life tenant shall first be liable for the payment of any taxes so levied. Such lien shall have preference and priority to all other such liens on real estate or upon improvements located on land under lease as prescribed herein created or suffered by said taxable although such other lien or liens be of a date prior to the time of the attaching of such lien for taxes; provided that the lien for such City taxes shall remain a lien for a period of ten years from the date upon which the Commissioners shall deliver unto the City Manager the tax list

## CHARTER OF REHOBOTH BEACH 19

therefor. If such real estate, or improvements located on land under lease as defined herein, remains the property of such person or persons who owned it at the time the tax was laid, then the lien shall not be extinguished until the tax is collected.

c.  All taxes, when and as collected by the City Manager shall be paid to or deposited to the credit of the City in a banking institution approved by the Commissioners, and all taxes shall be due and payable at and from the time of the delivery of the tax list to the City Manager.

d.  All taxes shall be payable at the City Office of the City of Rehoboth Beach during regular business hours of that office.

e.  In the collection of said taxes, the City Manager shall neither deduct nor abate any amount from the tax assessment. On all taxes remaining unpaid on and after the first day of September next following the mailing of the original tax statement, there shall be added a penalty of one and one-half percent (1½%) per month for each month or part thereof such taxes shall remain unpaid, said penalty to be effective on the first day of September, and said penalty shall be collected in the same manner as the original amount of the tax. The Commissioners shall have the power to make just allowances for delinquencies in the collection of taxes. All taxes unpaid on and after the first day of September shall be considered delinquent. In effecting collection of any delinquent tax, The Commissioners may impose a collection charge not to exceed eighteen percent (18%) of the amount of the tax, and any interest or penalty imposed thereon. 79 Del. Laws, c. 383

## Section 26
[Reserved]
79 Del. Laws, c. 383

### Collection of Delinquent Taxes

## Section 27

a.  Before exercising any of the powers hereinafter given for the collection of taxes, written notice of the amount due shall be sent to the taxable at his last known address.

b.  The City Manager, when any tax has become delinquent, may, in the name of the City of Rehoboth Beach institute suit before any Justice of the Peace or Court of the State of Delaware, in and for Sussex County, for the recovery of the unpaid tax in an action of debt, and upon judgment obtained, may issue Writs of Execution as in case of other judgments recovered before a Justice of the Peace or other Court, as the case may be, provided however that, as to any personal property of the taxable in Sussex County levied upon by the Sheriff within sixty days after the writ of execution was delivered into his hands, the lien of judgment shall have priority over all other liens against such personal property created or suffered by the taxable, except such liens thereon which may have been created in respect to County Taxes, although such other liens be of date prior to the time of the attachment of the said tax liens to the personal property so levied upon.

c.  Should the City Manager so elect, and without the necessity of first employing any or all of the other remedies herein provided the City Manager is authorized and empowered to sell the lands and tenements of the delinquent taxpayer or the lands and tenements alienated by a delinquent taxpayer subsequent to the levy of the tax by the following procedure:

The City Manager shall present in the name of the City of Rehoboth Beach to the Superior Court of the State of Delaware in and for Sussex County a petition in which shall be stated:

(1) The name of the taxable.

(2) The year for which the tax was levied.

(3) The rate of the tax.

(4) The total amount due.

(5) The date from which the penalty for non-payment, if any, shall commence and the rate of such penalty.

(6) A short description of the lands and tenements proposed to be sold sufficient to identify the same.

(7) A statement that a bill of said tax has been mailed to the taxable at their last known post office address with return receipt requested by certified mail and postage prepaid, together with a notice that the City Manager would proceed to sell the lands and tenements of the taxable for payment of the tax assessment; and the date of such mailing.

(8) That it has been found impractical to attempt to collect the said tax by any other remedy hereinbefore provided. The petition shall be signed by the City Manager and shall be verified before a Notary Public.

d.     At least ten (10) days prior to the filing of any such petition, the City Manager shall deposit in the mail, in a sealed and stamped envelope and addressed to the taxable at his last known address requiring a registered receipt returnable, an itemized statement of the tax due, together with all penalties, collection charges, and costs then due thereon, together with a notice to the delinquent taxpayer that he or she shall proceed to sell the lands and tenements of the taxable for the payment of the tax. The City Manager shall exhibit the return registry receipt to the Court by filing the same with the petition; provided, however, that if the taxpayer cannot be found, or if delivery is refused, it shall be sufficient for the City Manager to file with said petition the evidence that such statement has been mailed in accordance with this subsection and has been returned.

e.     Upon the filing of the petition, the Prothonotary shall record the same in a properly indexed record of the Court and shall endorse upon said record of said petition, the following:

"This petition filed the day of --------------------A. D. ----------------------------(giving the day and year The City Manager of the City of Rehoboth Beach is hereby authorized to proceed to sell the lands and tenements herein mentioned or a sufficient part thereof, for the payment of the amount due". The endorsement shall be signed by the Prothonotary.

f.     The City Manager shall then proceed to advertise the lands and tenements of the taxable by posting handbills in at least five (5) public places in the City of Rehoboth Beach (one of which shall be posted on the premises) and publishing the notice of said sale in a newspaper published in Sussex County. The notice shall contain the day, hour and place of sale and a short description of the premises sufficient to identify the same. The notice shall be posted at least ten (10) days before the day fixed for sale and shall be published in the newspaper at least one week before the day of sale.

g.     Each sale of lands and tenements shall be returned to the Superior Court, aforesaid, at the next Motion Day thereof following the sale, and the Court shall inquire into the circumstances and either approve or set aside the sale. No sale shall be approved by the Court if the owner be ready at the Court to pay the taxes, penalty, collection fees, and costs. If it set aside the sale, the Court may order another sale and so on until the tax is collected. If the sale be approved, the City Manager making the sale shall make a deed to the purchaser which shall convey the right, title, and interest of the delinquent taxpayer or his alienee; provided, however, that no deed shall be delivered to the purchaser until the expiration of one year from the date of the sale within which time the taxpayer or his alienee, heirs, executors, administrators, or assigns, shall have the power to redeem the lands on payment to the purchaser, his personal representatives or assigns, the costs, the amount of the purchase price, plus twenty percent and the expense of having the deed prepared. All taxes assessed after the sale and before the delivery of the deed shall be paid by the purchaser at said sale who shall be reimbursed by the delinquent taxpayer in the event of redemption to which shall be added twenty percent thereon.

In the event the purchaser refuses to accept the same, or in the event he or she, their heirs or assigns, cannot be located within the State of Delaware, it shall be lawful for the owner, their heirs, executors, administrator, and assigns, to pay the redemption money to the City Manager of Rehoboth Beach and upon obtaining from him or her a receipt therefore, such receipt shall be considered for all intents and purposes a valid and lawful exercise of the power to redeem the land so sold.

In the event the lands have not been redeemed within the redemption year, the City Manager shall deliver to the purchaser, their heirs, executors, administrator, or assigns, a deed which shall convey the title of the taxable or assessee.

The petition, return and deed shall be presumptive evidence of the regularity of the proceeding.

h.     After satisfying the tax and the cost and expenses of sale from the proceeds of the sale, the amount remaining shall be paid to the owner of the land. Should the owner of the land refuse to accept said residue, or the owner is unknown or cannot be found the amount remaining shall be deposited in some bank either to the credit of the owner, or in a manner by which the fund may be identified.

i.     In the sale of land for the payment of delinquent taxes, the following costs shall be allowed to be deducted from the proceeds of the Sale, or chargeable against the owner, as the case may be, in the amount customarily charged:

(1)     To the Prothonotary for filing and recording the petition

(2)     For filing and recording the Return of Sale;

(3)     To the City Manager for (1) preparing the Certificate, (2) making the sale of lands, (3) preparing and filing a return, (4) posting sale bills. In addition, the costs of printing handbills, the publication of the advertisement of sale in a newspaper, and the auctioneer's fee, if any, shall be chargeable as costs. The costs of the

## CHARTER OF REHOBOTH BEACH

**21**

deed shall not be chargeable as, costs, but shall be paid by the purchaser of the property of the delinquent taxpayer. The total of any Delaware transfer tax shall be paid by the purchaser of said lands at the tax sale.

j.  If the owner of any lands and tenements against which a tax shall be levied and assessed shall be unknown, this fact shall be stated in the advertisement of sale and in the Petition to the Court.

k.  If any person is assessed for several parcels of land and tenements in the same assessment, the total of said taxes may be collected from the sale of any part or portion of said lands and tenements.

l.  In the event of death, resignation or removal from office of the City Manager of the City of Rehoboth Beach before the proceedings for the sale of lands shall have been completed, their successor in office shall succeed to all of their powers, rights, and duties in respect to said sale. In the event of the death of the purchaser of said sale prior to their receiving a deed for the property purchased thereat, the person having right under them by consent, devise, assignment, or otherwise, may refer to the Superior Court of the State of Delaware, in and for Sussex County, a petition representing the facts and praying for an order authorizing and requiring the City Manager to execute and acknowledge a deed conveying to the petitioner the premises so sold, and thereupon the court may make such order touching the conveyance of the premises as shall be according to justice and equity.

m.  The City Manager shall have the same right to require the aid or assistance of any person or persons in the performance of their duty of sale which the Sheriff of Sussex County now has by law or may hereafter have.

n.  In addition to all other remedies, methods and authorities for the collection of taxes, The Commissioners may use the monition method for the collection of such taxes as established for Sussex County and authority is thereby established for them to do so. 79 Del. Laws, c. 383

### Town Budget

**Section 28**

a  The fiscal year of the City of Rehoboth Beach shall be established from time to time by resolution adopted by the Commissioners of Rehoboth Beach. 60 Del. Laws, c. 623

b.  Annually each year and not later than May 1st, the City Manager shall prepare a rough draft of a City Budget. From this rough draft, the Commissioners of Rehoboth Beach shall, not later than the regular meeting held in May of each year, prepare the City Budget, containing the financial plan for conducting the affairs of The City for the ensuing fiscal year. 57 Del. Laws, c. 410

c.  The Budget shall contain the following information:

   (1) A detailed estimate showing the expense of conducting each department and office of the City for the ensuing fiscal year.

   (2) The value of supplies and materials on hand, together with the nature and kind of machinery or other implements and the condition thereof.

   (3) The amount of the debt of the City, together with a schedule of maturities of bond issues.

   (4) An itemized statement of all other estimated expenses to be incurred in the affairs of the City.

   (5) A statement of the amount required for interest on the bonded debt, the amount necessary to pay any Bond maturing during the year and the amount required for the "Sinking Fund" or "Sinking Funds".

   (6) An estimate of the amount of money to be received from taxes, assessments, scrap assessments and all other anticipated income of the City from any source or sources whatsoever.

d.  The Commissioners shall, so far as possible, adhere to the Budget so adopted in the making of appropriations.

### Enumeration Of Powers

**Section 29**

a.  Not by way of limitation upon the power vested in The Commissioners to exercise all powers delegated by this Charter to the municipal corporation of The Commissioners of Rehoboth Beach except as may expressly appear herein to the contrary, but, rather, by way of enumeration and for purposes of clarity, The Commissioners are vested by this Charter with the following powers, to be exercised by said The Commissioners in the interest of good government and the safety, health and welfare of the City, its inhabitants and affairs, that is to say,

# CHARTER OF REHOBOTH BEACH

1. To prevent vice, drunkenness and immorality.

2. To provide for and preserve the health, peace, safety, cleanliness, ornament and good order of the City and its inhabitants.

3. To prohibit all gaming and fraudulent devices.

4. To prohibit, restrain, license or regulate all public sports, exhibitions, shows, parades, productions, circuses or other public performances, amusements, and games.

5. To ascertain, locate, lay out, establish, open, change, alter, widen, abandon, regulate the use and enjoyment of, prevent or remove any obstruction of, level, grade, flag, dress, macadamize, pave, gravel, shell, improve, dredge, erect, remove, repair or replace any new or present street, highway, lane, alley, watercourse, park, lake, strand, crosswalk, wharf, dock sewer, drain, aqueduct or pipe line, or portion thereof, or any new or present sidewalk, curb or gutter, or portion thereof, in the City; to specify the grade thereof, the materials to be used in the doing thereof and the manner in which the same shall be done; and to enter into contracts or agreements for the doing thereof, including contracts or agreements with the State Highway of the State of Delaware for the permanent maintenance, repair and upkeep of any street, lane, alley, roadway or other highway within the City.

6. To regulate or control the observance of the Sabbath Day.

7. To establish and regulate pounds and to restrain, prohibit and impound any domestic or wild animal, beast, bird or fowl running at large, and to authorize the destruction of the same, and to impose taxes on the owners of dogs.

8. To locate, regulate, license, restrain or require the removal of slaughter houses, wash houses, laundries, canning establishments, phosphate, fish, fertilizer or manure plants or establishments, swine pens, privies, water closets and any businesses or buildings or conditions detrimental to the public health or constituting a public nuisance or of an offensive or noxious nature.

9. To enforce the removal of snow, ice, dirt or other foreign substance from sidewalks and gutters by owners or abutting owners.

10. To prohibit, remove, or regulate the erection and maintenance of, any stoop, step, platform, bay window, cellar door, gate, area, descent, sign, post, or any other erection or projection in, over, upon or under any street, highway, alley, lane, watercourse, park, lake, strand, sidewalk, crosswalk, wharf, dock, sewer, drain, aqueduct or pipeline of the City.

11. To define, prevent, abate or remove nuisances, obstructions or any condition detrimental to the public safety, health or welfare.

12. To provide an ample supply of pure water for the City and its inhabitants and to this end to acquire, lease, erect, construct, maintain, operate, extend, enlarge, renew, replace, control and dispose of wells, reservoirs, pumps, machines, stations, tanks, standpipes, water mains, fire hydrants and all other equipment, property or rights used in and about the collection, storage, purification, conveyance, distribution or sale of water; to regulate and prescribe for what private or public purposes the water furnished by the municipal corporation may be used, the manner of its use, the amounts to be paid by the users thereof, the means whereby such amounts shall be collected and the fines or penalties, or both, for any willful or negligent injury or damage to or interference with the water system or equipment of the City; to furnish, or refuse to furnish, water from the City system to places and properties outside the City limits; and to contract for and purchase water and distribute the same to users within or without the City with the same full powers as though such water had been initially reduced to usefulness by the municipal corporation itself.

For all purposes of this Charter, the word "user" when referring to the users of either the public water system or the public sewer system shall be deemed to mean either the owner to whom the real estate is assessed or a leaseholder who holds land under a valid lease for a term of not less than ten (10) years and whose lease is of record in the Office of the Recorder of Deeds, in and for Sussex County, and who has erected upon the leasehold an improvement having an assessed valuation of at least One Thousand Dollars ($1,000.00) 56 Del. Laws, c. 61

13. To provide, construct. extend, maintain, manage and control a sewer system and/or a sewage treatment and disposal plant and facilities for the health, sanitation and convenience of the inhabitants of the City; to regulate and prescribe for what private or public purposes the system may be used, the manner of its use, the amounts to be paid by the users thereof, the means whereby such amounts shall be collected and the fines or penalties, or both, for any willful or negligent injury or damage to, or interference with the said system, plant or facilities; to furnish or refuse to furnish, sewer disposal service from the City system to

## CHARTER OF REHOBOTH BEACH

places and properties outside the City limits; in the interest of the public's health, to compel any and all properties in the City to be connected to the sewer system of the City; and to contract for and purchase sewer disposal service and to resell the same to users within or without the City with the same full powers as though such service had been initially provided by the facilities therefor of the municipal corporation itself.

14. To provide, construct, extend, maintain, manage and control a plant end system, or plants and systems, for the generating, manufacturing and distributing of electric current or gas, or both, to the inhabitants of the City and for lighting the streets, highways, lanes, alleys, watercourses, parks, lake, strands, sidewalks, crosswalks, wharves, docks, public buildings or other public places of the City, and to this end to acquire, lease, erect, construct, maintain. operate. extend, enlarge, renew, replace, control and dispose of transmission and distribution lines, pipes, mains and other conveyances for any such current or gas as may be necessary properly to light the City, and to furnish proper connections for electric current and gas to the properties of the inhabitants of the City who may desire the same; to regulate and prescribe for what private or public purpose the current or gas furnished by the municipal corporation may be used, the manner of its use, the amount to be paid by the users thereof, the mains whereby such amounts shall be collected and the fines or penalties, or both, for any willful or negligent injury or damage to or interference with the electric or gas system or systems of the City; to furnish or refuse to furnish, electric current or gas from the City's system or systems to places and properties without the City limits; and to contract for and purchase electric current or gas and distribute the same to user within or without the City with the same full powers as though such current or gas had been initially reduced to usefulness by the municipal corporation itself.

15. To fully control within the City the drainage of all water and, to that end, to alter or change the course and direction of any natural water course, runs or rivulet within the City, to regulate, maintain, clean and keep the same open, clean and unobstructed, and to provide, construct, extend, maintain, manage and control a surface water drainage system and facilities for the health., sanitation and convenience of the inhabitants of the City.

16. To provide, construct. extend, maintain, manage and control jetties, bulkheads, embankment, flood gates, piers, boardwalks or fills for the preservation of any strand or high land within the limits of the City or contiguous thereto, to the end that the same may be preserved, property protected and the general public might enjoy the use thereof.

17. To grant franchises or licenses to any responsible person, firm, association or corporation, for such period of time, upon such terms, restrictions, stipulations and conditions and for such considerations as The Commissioners shall deem wise, to use the present and future streets, highways, lanes, alleys, watercourses, parks, lakes, strands, sidewalks, crosswalks, wharves, docks, and other public places of the City for the purpose of furnishing heat, light, power, gas, water, sewer, drainage, electric current, telephone, telegraph, railroad excepting railroads or railways engaged in interstate commerce, bus, taxi or other transportation, carrier or public service to the City and to the persons, firms, or corporations residing or located therein and for the purpose of transmitting the same from or through the City to points outside the limits thereof, and for the purpose of erecting wharves and piers, and for the purposes of vending any article of merchandise or service upon, or from any vehicle upon, any such present and future street, highway, lane, alley, etc.; provided, that no exclusive franchise or license shall be granted for any such purpose to any person, firm, association or corporation whomsoever.

18. To regulate and control the exercise of any license or franchise mentioned in Section 29 (17) of this Charter or intended so to be.

19. To direct, regulate and control the planting, rearing, treatment and preserving of ornamental shade trees in the streets, highways, avenues, parks and grounds of the City and to authorize or prohibit the removal or destruction of said trees.

20. To direct the digging down, draining, filling up, cleaning, cutting or fencing of lots, tracts, pieces or parcels of ground in the City which may be deemed dangerous or unwholesome or necessary to carry out any improvements authorized by this Charter.

21. To provide for or regulate the numbering of houses and lots on the streets, and the naming of streets and avenues.

22. To regulate, control or prevent the use of storage of gunpowder, fireworks, tar, pitch, resin and all other combustible materials and the use of candles, lamps and other lights in stores, shops, stables and other

**24**                     **CHARTER OF REHOBOTH BEACH**

places; to suppress, remove, or secure any fireplace, stove, chimney, oven, broiler, or other apparatus which may be dangerous in causing fire.

23. For the prevention of fire and the preservation of the beauty of the City, to regulate and control the manner of building or removal of dwelling houses and other buildings; to establish a code for the same and to provide for the granting of permits for the same; to establish a building line for buildings to be erected; zone or district the City and make particular provisions for particular zones or districts with regard to building or building materials; and, generally to exercise all the powers and authorities vested in the legislative body of cities and incorporated towns under and by virtue of Chapter 179, Revised Code of Delaware, 1935, and all amendments thereto.

24. To acquire, build, erect and maintain a suitable place as a lock-up or jail for the City which shall be used as a place of detention for persons convicted of violation of law or ordinance, or for the detention of persons accused of violation of law or ordinances for a reasonable time, in cases of necessity, prior to hearing and trial; and to provide for the restraint, support and employment of paupers, beggars and vagrants; provided, that the jails of Sussex County may be used for any such purpose, in which event the City shall pay for the board of persons committed thereto for violations of ordinances of the City which are not violations of any general law of the State.

25. To acquire, build, erect and maintain buildings and facilities necessary or required for housing and equipping offices of the City.

26. To regulate or prevent the use of guns, air guns, spring guns, pistols, sling shots, beanshooters, and any other devices for discharging missiles which might cause bodily harm or injury to property; and to regulate or prevent the use of fireworks, bombs and detonating works of all kinds.

27. To provide for the punishment of a violation of any ordinance of the City by fine or imprisonment, or both, not exceeding Five Hundred Dollars ($500) or sixty (60) days, and for working any person sentenced to such imprisonment or any person who shall refuse to so work when ordered. 70 Del. Laws, c. 127

28. To provide for the organization of a fire department and the control and government thereof; to establish fire limits and do all things necessary for the prevention or extinguishment of fires; and, in their discretion, to contribute, donate or give such amounts of money as they may deem appropriate unto any Volunteer Fire Company or Companies incorporated under the laws of Delaware, or any Volunteer Fire Association or Associations maintaining and operating fire fighting equipment and service to the City; provided that any such contribution, donation or gift may be made subject to such conditions and stipulations as to the use thereof as The Commissioners shall deem advisable. 65 Del. Laws, c. 33

29. To purchase, take and hold real and personal property when sold for any delinquent tax, assessment, water rent, electric bill, gas bill, license fee, tapping fee, charge growing out of abatement of nuisances and the like, laying out and repairing sidewalks, or other charge due the City and to sell the same.

30. To levy and collect taxes for any and all municipal purposes upon al real estate within the City, except lands belonging to the City provided that the amount to be raised from this source shall not exceed the sum of three million dollars ($3,000,000.00). 60 Del. Laws, c. 622; 75 Del. Laws, c. 383;

31. To levy and collect a personal or per capita tax upon all persons otherwise qualified to vote at any annual municipal election to be used for any and all municipal purposes and not to exceed the sum of One Dollar ($1.00) in any one year for each such person.

32. To levy and collect taxes upon all telephone, telegraph, power poles, pipe lines, rail lines or other constructions or erections of a like character erected within the limits of the City, together with the wire or other appliances thereto or thereon attached, expressly excepting all telephone, telegraph, power lines or poles and rail lines owned or operated by any railroad or railway company engaged in interstate commerce, for any and all purposes, and to this end may at any time direct the same to be included in or added to the City Assessment. In case the owner or lessee of such constructions or erections, wires or other appliances shall refuse or neglect to pay the taxes levied thereon, in addition to the remedies for the collection thereof set forth in Section 27 of this Charter, The Commissioners shall have authority to cause the same to be removed.

33. To license, tax and collect fees annually for any and all municipal purposes (including the cost and expense of advertising the City) of such various amounts as The Commissioners from time to time shall fix, from any individual, firm, association or corporation carrying on or practicing any business, profession or occupation within the limits of the Town; provided, however, that nothing herein shall be so construed as to make it mandatory upon any resident of the State to apply for a license in order to sell in the City any farm

## CHARTER OF REHOBOTH BEACH

produce or products grown upon a farm owned by the vendor or any member of his family with whom he resides.

34. To determine from which authorized sources and in what proportions taxes shall be levied and used each year to raise the revenue or funds required to meet the general expenses of the municipal corporation and all funding, amortization and interest requirements on its outstanding bonds or other indebtedness.

35. To provide for the collection of and disbursement of all monies to which the City may become entitled by law, including licenses and fines, where no provision for the collection and disbursement thereof is otherwise provided in the Charter.

36. To borrow money in the name of the City for any proper municipal purpose, and in order to secure the payment of the same, to issue bonds or other kinds or forms of certificate or certificates of indebtedness, pledging the full faith and credit of the City or such other security or securities as The Commissioners shall select, for the payment of the principal thereof and the interest due thereon, all of which bonds or other kinds or forms of certificates of indebtedness issued by the City shall be exempt from all State, County or municipal taxes; provided, that in no event shall the indebtedness of the City, for any and all purposes, at any one time exceed in the twenty-five percentum (25%) of the assessed value of all real estate in the City subject to assessment for the purpose of levying the annual tax hereinbefore mentioned. 64 Del. Laws, c. 83

37. To acquire, and/or to vacate the use of, lands, tenements, personalty, property, easements, rights of way, or any interest in property, either within or without the limits of the City, by way of condemnation and eminent domain, for any proper and lawful municipal purpose or whenever required properly to carry out, exercise or fulfill any power conferred upon or delegated to the municipal corporation by the Charter. Proceedings by way of condemnation in any such case shall be the same or prescribed hereafter in Section 33 of this Charter for the opening and laying out of new streets or the vacating or abandoning of old streets and the resolutions referred to in said Section 33 shall be changed and modified to cover any case contemplated hereby.

38. To appropriate money to pay the debts, liabilities and expenditures of the City, or any part or item thereof, from any fund applicable thereto, and to transfer temporarily money from one fund to another fund of the Town in case of emergency.

39. To provide for the payment of any tax, fine, penalty, license, forfeiture, assessment, fee, charge or other amount due the City by the performance of labor or service for the City by any person owing the same.

40. To inquire into and investigate the conduct of any office, officer, agent, or employee of the City or any municipal affair, and for any such purpose or purposes may subpoena witnesses, administer oaths or affirmations, and compel the attendance of witnesses and production of books, papers or other evidence by summary process.

41. To make, adopt and establish all such ordinances, regulations, rules and by-laws, not contrary to the laws of this State and the United States, as The Commissioners may deem necessary to carry into effect any of the provisions of this Charter or any other law of the State relating generally to municipal corporations or which they may deem proper and necessary for the good government of the City, the protection and preservation of persons and property and of the public health and welfare of the City and its inhabitants; provided, that any ordinance relating to the public health of the City and its inhabitants, or designed to prevent the introduction or spread of infectious or contagious diseases, or to prevent nuisances affecting the same, shall apply not only within the corporate limits of the City but as well to all areas and persons outside the City within one mile from said limits.

42. To establish, by ordinance duly adopted in accordance with this Chapter, a pension plan or a health and welfare plan, or both, for the employees of The City under such terms and conditions as The Commissioners, in their discretion, deem most appropriate; provided, that the method of funding may, if deemed advisable by The Commissioners, be accomplished through an insurance company licensed by the State of Delaware or authorized to do business in this State and approved by a majority of The Commissioners. 56 Del. Laws, c. 61; 75 Del. Laws, c. 383;

43. To borrow money in anticipation of revenues on the full faith and credit of The City of Rehoboth Beach sum or sums not exceeding One Million Dollars ($1,000,000) in any one year when, in the opinion of a majority of the Commissioners of Rehoboth Beach, the needs of The City require it. Any sum so borrowed shall be secured by promissory notes of The City of Rehoboth Beach duly authorized by a Resolution adopted by the Commissioners of Rehoboth Beach and signed by the Mayor of The City of Rehoboth Beach and attested by the Secretary of the Commissioners of Rehoboth Beach with the corporate seal affixed and no

officer or Commissioner shall be liable for the payments of such notes because it is signed by them as officers of The City and is authorized by the Resolution of the Commissioners of Rehoboth Beach; PROVIDED, HOWEVER, that the total sum outstanding at any one time shall not exceed One Million Dollars ($1,000,000); AND PROVIDED FURTHER, that any sum of money so borrowed, as aforesaid, in any fiscal year shall be paid from the general fund of The City and shall be completely repaid at any time but must be completely paid at the end of ten (10) fiscal years following the first fiscal year when said sum or sums were borrowed with interest thereon; and PROVIDED FURTHER, that such ad valorem taxes shall be levied as are necessary to pay the principal of and interest on said bonds as is required without regard to any other limitation concerning the maximum rate of taxation and such notes and the interest thereon shall be exempt from all taxation by the State of Delaware or by any political subdivision, agency or subdivision thereof. 57 Del. Laws, c. 410; 63 Del. Laws, c. 34; 69 Del. Laws, c. 185;

## Indemnification Of City Officers And Employees

**29A.**

(a)  For purposes of this section, the term "city officers and employees" shall include the Mayor and the Commissioners of the City of Rehoboth Beach, all appointed officers and all employees of the City of Rehoboth Beach.

(d)  The city solicitor shall undertake the representation or defense without charge of any city officer or employee in a civil action arising out of or related to the performance by said officer or employee of his public duties; or may undertake the representation or defense without charge of any city officer or employee in a criminal action arising from performance of his duties and which action does not allege official misconduct, profiteering, bribery, receiving unlawful gratuities, improper influence or other use of his office or employment. An officer or employee may select his or her attorney with the concurrence of the city solicitor and the Commissioners.

(e)  An officer or employee who is held liable for the payment of any claims arising out of a civil action, or settlements, judgments, expenses, costs and awards of attorneys fees arising therefrom, shall be entitled to indemnification therefor from the City where the claim shall have been determined by the city solicitor, subject to the approval of the Commissioners, to have resulted from activities; which:

   1.  Were done in good faith; and
   2.  Where done in the reasonable belief that such activities were in the best interest of the City, and in the furtherance of the official practices and policies of the City; and
   3.  Were within the scope of authority of the person so acting; and
   4.  Were within the course of employment of the person so acting; and
   5.  Were not wilful, malicious or wanton.

(f)  In addition to the City's obligation to indemnify City officers and employees, the City Manager on behalf of the City is hereby authorized to enter into contracts of insurance for the indemnification of City officers and employees who are determined to be entitled thereto in accordance with subparagraph (c) of this section, or for such broader coverage as he deems advisable.

(g)  The Commissioners may, upon resolution, authorize the payment of legal fees incurred by a City employee for representation in a criminal action, if the charge arose out of or in the course of City employment. The Commissioners shall review an application for reimbursement based upon the criteria set forth in subsection (c). In no event shall any payment under this section be authorized where the employee has been found guilty of, after trial and any appeal, or has entered a plea of guilty or nolle contendere to a crime involving a breach of public trust.

## Collection Of Charges Due The City

**Section 30**

   a.  In the collection of charges due the City including but not limited to rents, gross receipts taxes, water rentals, sewer service charges, electric bills, gas bills, license fees, tapping fees, front foot assessments, charges growing out of abatement of nuisances, laying out and repairing paving, graveling, curbing, or any of them, shall become a first lien against all real estate of the delinquent property owners situated within the City and such charges shall have preference and priority for a period of ten years from the date the charge became due

## CHARTER OF REHOBOTH BEACH 27

and owing to all other liens on real estate created or suffered by the taxable and property owner, although such other lien or liens be of a date prior to the time for the attaching of such liens for such charges.

b.    The authorities, remedies, and powers available to the City Manager for the collection of such charges shall be the same as those set forth in this Charter for the collection of delinquent taxes. 79 Del. Laws, c. 383

### Removal Of Obstructions, Nuisances, And Unsanitary Conditions

**Section 31**

a.    In addition to the power to impose fines and penalties for the maintenance of obstructions, nuisances, and unsanitary conditions, as those terms should be defined by The Commissioners if The Commissioners either upon their own inspection or upon information obtained from the Board of Health, City Manager or Police Force, shall deem that such obstruction, nuisances, or unsanitary condition ought to be removed or abated as the case may be, The Commissioners shall enact an ordinance or adopt a resolution, or both, to that effect and thereupon shall direct the Secretary to forward, to the person or persons continuing or causing such obstruction, nuisances, or unsanitary condition, or to the person or persons who are responsible for its existence or continuance, by the mails of the United States, in a sealed wrapper addressed to his or their last and best known post office address, a notice to remove or abate the same. If such person or persons refuse or neglect, for the space of five days after such notice is mailed, to remove or abate the same, The Commissioners shall issue a warrant in the name of The Commissioners of Rehoboth Beach under the hand of its President, who shall affix thereto the corporate seal, attested by the Secretary and directed to the City Manager. The warrant shall command him forthwith to remove or abate such obstruction, nuisance, or unsanitary condition. The City Manager shall forthwith proceed to remove or abate the same and, to that end, he shall have full power and authority to enter into and upon any lands and premises in the City. He shall likewise have the authority to take with him such assistants, implements, horses, carts, wagons, automobiles, trucks, or other things as may be necessary and proper to do and perform all matters and things in connection with the removal or abatement of such obstruction, nuisance, or unsanitary condition.

b.    At the regular monthly meeting of The Commissioners next succeeding the delivery of the warrant to him, the City Manager shall make a return to The Commissioners of his proceedings upon the warrant and shall specify the costs and expenses of all necessary work, labor, and proceedings incurred by him in the abatement or the removal of the same.

c.    At such meeting, The Commissioners shall determine, from the return of the City Manager, the costs and expenses of all necessary work, labor, and proceedings in reference to the abatement or removal of such obstruction, nuisance, or unsanitary condition. The Commissioners shall then issue a warrant, containing an itemized account of that information, together with the name and last and best known address of the person from whom The Commissioners shall determine the amount to be due and shall deliver such warrant to the City Manager. The warrant shall command him forthwith to collect the amount stated to be due thereon from the person or persons designated therein. The City Manager shall forward to such person or persons, in a sealed wrapper, a true and correct copy of the warrant by depositing the same in the United States mails and addressed to such person's or persons' last and best known post office address. If such person or persons shall refuse or neglect to pay the same to the City Manager for the use of the City within thirty (30) days from the date of the mailing of such true and exact copy of the warrant, the City Manager shall then be authorized and required to collect the same in any of the manners hereinbefore provided in Section 27 of this Charter.

### Paving, Guttering, Curbing

**Section 32**

(a)    In the event that it becomes feasible or necessary in the future for the City of Rehoboth Beach to level, grade, flag, re-flag, curb or recurb, gutter or regutter, pave or repave the sidewalks, curbs, crosswalks or gutters of the City of Rehoboth Beach or to repair any curb, sidewalk, gutter or crosswalk, the following procedure shall be followed.

(b)    Before any owner shall be required to lay, install or construct a new sidewalk, curb or gutter, or any or all of them, on any block on any street within the corporate limits of the City of Rehoboth Beach where more than fifty percent of lots do not have such improvement, a written petition, signed by a majority of the owners of property on any block on any street adjoining, along or in front of which block such improvement is requested

28                          **CHARTER OF REHOBOTH BEACH**

shall first be received or obtained by the Commissioners of Rehoboth Beach requesting that the sidewalk, curb or gutter, or either or all of them, be laid, installed or constructed in such block. For the purposes of this section, an owner shall be deemed to include a freeholder or leaseholder as defined in this Charter.

(c) Upon receipt of such petition, the Commissioners of Rehoboth Beach shall direct the Secretary of the Commissioners of Rehoboth Beach to forward a written notice to the owner or owners of any house or lands adjoining, along or in front of which a sidewalk, curb or gutter or any or all of them, shall be laid, installed or constructed. Such notice shall specify to the owner any rules or regulations adopted by the Commissioners of Rehoboth Beach in respect to the laying, installing or constructing thereof or the materials to be used in the doing of such work.

(d) Should the owner or owners neglect or refuse to comply with said notice for the space of thirty days, the Commissioners of Rehoboth Beach may proceed to have the same done, and when done, the City Manager shall, as soon as convenient thereafter, present to the owner or owners of such lands a bill showing the expense of such paving, curbing or guttering, or any or all of them. Such bill shall be sent by certified mail with return receipt requested to such owner or owners directed to him, her or them at their last known address. If such bill be not paid by the owner or owners of such land or lands within thirty days after the mailing of such bill, as aforesaid, the City Manager may proceed to effect collection of such bill in the same manner as provided in this Charter for the collection of taxes.

(e) The claim for paving, curbing or guttering, or any or all of them, shall be a lien for a period of ten years on the premises adjoining, along or in front of which the said work was done and shall have priority over any other lien, encumbrance or conveyances suffered or made by the owner or owners after the presentation of said bill, as aforesaid, although such other conveyance, or lien or liens be of a date prior to the time of the attaching of such liens for paving, guttering or curbing or any or all of them.

(f) If fifty percent or more of the lots in any block on any street have a sidewalk, curb or gutter, or if the work to be accomplished is a repair or replacement of existing sidewalks, curbs or gutters or any or all of them, no Petition shall be required but the Commissioners of Rehoboth Beach shall adopt a resolution stating that on a named day and at a named hour and place, the Commissioners of Rehoboth Beach will meet to consider the question of laying, installing or constructing of new sidewalks, curbs or gutters, or any or all of them, adjoining, along or in front of property where fifty percent or more of the lots in the block have such improvement or repair or replacement of particular sidewalks, curbs or gutter or any or all of them of the City on a named street adjoining, along or in front of the property of a named owner or owners and an assessment of the costs thereof against such owner or owners. The resolution shall be printed at least one week prior to the meeting in a newspaper having a general circulation in the City of Rehoboth Beach. The Commissioners shall hold a public hearing pursuant to said resolution and thereat shall hear the aforesaid owner or owners of property and other residents of the City appearing on the question referred to in said resolution.

(g) After such public hearing, the Commissioners of Rehoboth Beach, either at said public hearing, or at a subsequent regular or special meeting, shall decide whether to proceed with the improvements referred to in said resolution, and if it shall be determined to proceed, the Commissioners shall determine whether the whole or some specified portion of the cost of the improvement adjoining, along or in front of the property of the owner or owners named in the aforesaid resolution shall be borne by said owner or owners. If said determination shall be that the whole or specified proportion of said cost shall be borne by the said owner or owners, then and in that event, the said owner or owners shall be compelled to pay the whole or specified proportion of costs aforesaid, as the case may be, the amount to be paid by the owner of each parcel of their property affected to be determined by the lineal footage of the parcel adjoining, along or in front of which the improvement or improvements were made.

(h) Whenever the laying, installing or constructing of new sidewalks, curbs or gutters or any or all of them, as described in subsection (c) hereof or replacement or repair of the sidewalks, curbs or gutters or any or all of them have been made, and the cost thereof ascertained, the Commissioners of Rehoboth Beach shall ascertain the amount that the owner or owners of each parcel of property shall pay as hereinbefore stated, and shall give written notice thereof to said owner or owners by mailing the same by certified mail with return receipt requested to his, her or their last known address. If such owner or owners shall fail to pay the specified amount within thirty days after the mailing of such notice, the same, together with interest costs, may be collected by the same procedures as are set forth herein for the collection of taxes. The amount so assessed shall be and constitute a lien upon all the property adjoining, along or in front of which the said work was accomplished, and such liens shall have preference and priority for a period of ten years from the date of mailing of the notice, although such other lien, encumbrance or conveyance was suffered or made by the

## CHARTER OF REHOBOTH BEACH                                    29

owner or owners after the presentation of the said bill although such other conveyance, or lien or liens be of a date prior to the time of the attaching of such liens for the improvements.

(i)   The word 'owner' as used in this section shall be deemed to mean the freeholders or leaseholders of the property at the time the petition is received by the Commissioners of Rehoboth Beach pursuant to subsection (b) hereof if a new sidewalk, curb or gutter or any or all of them is to be laid, installed or constructed are the freeholders or leaseholders of the property at the time the resolution to repair or replace existing sidewalks, curbs, or gutters or any or all of them is passed and any change in ownership thereafter shall not be deemed or held to affect any of the proceedings mentioned in this section. The Commissioners of Rehoboth Beach, in exercising the authority granted by this section, may use such materials and substances and such methods of construction and may employ such contractors, engineers and inspectors and others as the Commissioners of Rehoboth Beach may deem expedient and may use different materials and different methods of construction as the Commissioners of Rehoboth Beach deem advisable. 60 Del. Laws, c. 622; 75 Del. Laws, c. 383;

### Streets

**Section 33**

a.   The Commissioners of Rehoboth Beach shall have the power and authority to locate, lay-out and open new streets and to widen or abandon streets, or parts thereof, whenever they shall deem it for the best interest of the City.

b.   In every case the procedure to be followed in respect thereto shall be as follows: The Commissioners shall adopt a resolution favorable to the opening of such new street or to the widening or altering of a street or to the vacating or abandoning of a street, or any part thereof, as the case may be. The resolution shall give a general description of the street to be opened, widened or altered or of the street, or part thereof, to be vacated or abandoned, as the case may be. The resolution shall also state the day, hour and place where the said, The Commissioners, will sit to hear objections and to award just and reasonable compensation to anyone who will be deprived of his property by reason thereof.

c.   Copies of such resolution shall be posted in at least five, or more, of the most public places in the City, and at least five days prior to the date fixed by The Commissioners for the hearing as aforesaid.

d.   At the time and at the place fixed in the resolution, The Commissioners shall hear such residents or taxables of the City, or owners of property affected thereby, as shall attend the hearing. After hearing all objections, The Commissioners shall, at said meeting or at a subsequent date, as it may deem proper, adopt a resolution to proceed with, or abandon the proposed locating, laying-out, widening, altering, vacating or abandoning of any street or streets contemplated in its aforementioned prior resolution.

e.   In every case where the Commissioners shall resolve to proceed with the plan contemplated, or a portion thereof, The Commissioners shall award just and reasonable compensation to any person or persons who will thereby be deprived of property by virtue of the execution of the plan so contemplated. Such compensation, if any be awarded, shall be paid by The Treasurer of The Commissioners of Rehoboth Beach, on a warrant drawn upon him by authority of The Commissioners aforesaid upon delivery of a good and sufficient deed conveying a fee simple title unto "The Commissioners of Rehoboth Beach"; which title, shall be clear and free of all liens and encumbrances.

f.   If anyone who shall be deprived of his property by virtue thereof be dissatisfied with the compensation awarded by The Commissioners, as aforesaid, he may, within five days after the award of The Commissioners, as aforesaid, appeal from such award by serving written notice to that effect upon the Secretary or President or, in their absence, upon any member of the Commissioners of Rehoboth Beach.

g.   In order to prosecute said appeal, such appellant shall, within ten (10) days after the award of The Commissioners, as aforesaid, apply to the Resident Judge of the Superior Court of the State of Delaware, in and for Sussex County, or, should he be absent from the County during that time, such application shall be made to the Chief Justice of the State of Delaware, for the appointment of freeholders to hear and determine the matter of compensation due such appellant by virtue of the deprivation of his property, as aforesaid. Thereupon, the said Resident Judge, or Chief Justice shall issue a commission under his hand directed to five impartial freeholders of Sussex County, commanding them to determine and fix the damages which the said appellant shall have sustained by reason of being deprived of his property, as aforesaid. The freeholders, so appointed, shall take into consideration the benefits or advantages that will enure to the said appellant from any such new street, or otherwise. The freeholders, so appointed, shall make return of their findings to the said Resident Judge, or Chief Justice, as the case may be, at a time appointed in the said Commission.

h.  The freeholders so appointed shall give notice of the day, hour and place when they will meet to view the premises and to affix the damages, if any, as aforesaid. Such notice shall be served upon the appellant personally, or by posting a copy thereof on the premises affected, at least five days before the day specified therein as upon which they are to view the premises, as aforesaid. A copy of such notice shall also be served on the Secretary or the President of The Commissioners of Rehoboth Beach at least five days before the day of such meeting.

i.  The freeholders named in such Commission, being first sworn or affirmed to fully, fairly and honestly determine the damages to the best of their several abilities, and at the hour and place stated in the notice aforesaid, shall view the premises and hear the appellant and his witnesses, and The Commissioners and its witnesses, and shall, without delay, determine and fix the damages, if any, which the said appellant will have sustained by reason of being deprived of any property, as aforesaid.

j.  Thereupon, and without delay, the said freeholders shall make return, in writing, of their proceedings in the premises to the said Resident Judge, or Chief Justice, as the case may be, The Resident Judge, or Chief Justice, or as the case may be shall cause the said return to be delivered to the Secretary or the President of The Commissioners. Such return shall be final and conclusive. The Resident Judge, or Chief Justice, as the case may be, shall have full power to fill any vacancy among the freeholders.

k.  The amount of the damages being ascertained, as aforesaid, The Commissioners of Rehoboth Beach, shall pay or tender the amount thereof to the person or persons entitled thereto, within one month after the same shall be finally ascertained, or The Commissioners may deposit the same to his credit in any bank in the City of Rehoboth Beach, within the said period of one month, and thereupon The Commissioners of Rehoboth Beach may carry into effect the plan contemplated in their resolution aforementioned.

l.  In the ascertainment and assessment of damages by the freeholders appointed by the Resident Judge, or Chief Justice, if the damages shall be increased above the amount fixed by The Commissioners, or if The Commissioners shall decide not to take such property, the cost of the appeal shall be paid by the Treasurer of The Commissioners of Rehoboth Beach out of any monies in his hands belonging to the City. If the said damages be not increased, the cost of the appeal shall be paid by the party appealing.

m.  The fees of the freeholders shall be $5.00 per day to each, and shall be taxed as a part of the cost.

n.  After the damages shall be fixed and ascertained by the freeholders as aforesaid, The Commissioners shall have the option of either paying the damages assessed within the period of one month aforementioned, and proceeding with the improvement, or paying the costs only and abandoning the proposed improvements.

o.  Whenever the land comprehended or included in any street or part thereof vacated or abandoned under this section be owned by the City, The Commissioners may, in its discretion, sell such land at public sale and for such consideration as The Commissioners shall deem proper. The Commissioners shall have the right and power to convey to the purchaser or purchasers thereof, a good and sufficient title thereto for whatever estate the City may have therein.

p.  For all the purposes of this Section, the word "street" shall be deemed and held to comprehend and include sidewalks, lanes, alleys, roadways or other highways.

q.  The Commissioners of Rehoboth Beach shall have full power and authority to re-grade, re-dress, or otherwise repair or rebuild all existing streets, lanes, alleys, roadways or other highways within the City limits. It shall also have the power and authority to construct, build, pave and in any manner improve all new and existing streets, lanes, alleys, roadways and other highways now open or to be hereafter opened for public use in the City. In so doing, it shall use such materials and substances and such methods of construction and shall employ such contractors, engineers, inspectors or others as The Commissioners shall deem expedient and may use different materials and different methods of construction on different streets or on different parts of streets as The Commissioners shall deem advisable. To this end, The Commissioners shall have full power and authority to enter into contracts or agreements with the State Highway Department of the State of Delaware for the permanent maintenance, repair and up-keep of any street, lane, alley, roadway or other highway within the City limits.

r.  The Commissioners shall also have full power and authority to expend such part or parts of the money of the City, in the general fund of the City, not otherwise appropriated, towards the carrying out of any powers and authorities granted unto The Commissioners under and by virtue of this Section of the Charter.

**Street Improvement Cost**

## CHARTER OF REHOBOTH BEACH

31

**Section 1.**

This Act shall be designated as Section 33A of the Charter of the City of Rehoboth Beach as established by Chapter 161, Volume 41, Laws of Delaware, and as amended.

**Section 2.    Definitions**

The word street shall include present and future streets, highways, thoroughfares, lanes, avenues and alleys of the City of Rehoboth Beach.

The word block shall include the lineal frontage of all property fronting and abutting upon both sides of any street between two other successive intersecting streets.

The word City shall mean the City of Rehoboth Beach within its territorial limits.

The word Commissioners shall mean The Commissioners of Rehoboth Beach.

The word "owner" or "owners" as used in this Section shall be deemed to include the owner of an improvement having an assessed value of at least One Thousand Dollars ($1,000.00) located on land under a valid lease for a period of at least ten (10) years which said lease is of record in the Office of the Recorder of Deeds, in and for Sussex County. The same rules and regulation set forth in this Section relating to voting by tenants by the entireties shall be applicable. 56 Del. Laws, c. 61

**Section 3.**

In addition to the power and authority to improve the streets of the City and to expend its funds therefor, The Commissioners are authorized and empowered to apportion and impose not exceeding two-thirds of the entire cost to the City of improving any street, or part thereof, upon the abutting property owners, block by block, in the following manner:

The entire cost to the City of any such improvement shall include the total costs to be paid by the City out of City funds for improving and repairing the surface of any such street from curb line to curb line.

The cost of improvement of intersections shall be borne solely by the City.

Upon the petition in writing signed by the owners of a majority of the entire lineal frontage of all property fronting on any given block of the City between intersections, and filed with The Commissioners praying that The Commissioners proceed to improve such block of street and the street intersections at each end thereof, The Commissioners may at any time thereafter proceed to improve the street and intersection pursuant to the provisions hereof. No petition shall be received if it purports to restrict the time within which such improvement shall be carried out, or the discretion of The Commissioners as to the nature, extent and cost thereof; nor unless it shall have attached thereto an oath or affirmation of at least two (2) freeholders of the City taken before a person authorized to administer oaths, and verifying that the signatures appended were made in their presence and are the signatures of the persons whose names they purport to be, and that they did fully read such petition to each signer prior to the signing thereof. Whenever any such petition shall have been received, approved and filed by The Commissioners, it may not thereafter be withdrawn, nor shall the signature of any signer be stricken therefrom, except by and with the consent of The Commissioners; and such petitions, received, approved and filed shall be admitted into evidence in any Court of law or equity, and shall be prima facie proof of its contents and of the signatures of the respective signers.

With respect to any one street there shall be, so far as possible, a uniformity of the character of the improvement, and of the kind or class of materials used.

The entire cost of any improvement under the provisions hereof, may be paid, when due, by The Commissioners out of any funds of the City not otherwise appropriated or set aside and for any such purpose The Commissioners may borrow money and secure the payment thereof by the issuance of bonds or certificates of indebtedness pledging the full faith and credit of the City, or such other security as The Commissioners shall determine, for the payment of the principal thereof, and the interest due thereon, and pursuant to the terms and provisions of and in the manner provided by Section 40 of the Charter of the City as amended; provided, however, that it shall not be necessary to call or hold a Special Election of the taxables of, the City to secure their approval of such borrowing; and each bond and certificate of indebtedness shall provide that the same may be called in and redeemed and paid by The Commissioners in whole or in part, at its option, at any interest date designated therein.

Upon the completion and acceptance of any such improvement of any block of street The Commissioners shall cause to be made an accurate statement of the whole costs to the City and shall deduct from such whole cost the costs of such improvement to the intersections of any street done and improved in connection with and as a part of any such street improvement.

The entire cost of any street improvement under the provisions hereof, excluding the cost of the improvement of street intersections, shall be divided into three equal parts and the amount of two such equal parts shall be apportioned among,

# CHARTER OF REHOBOTH BEACH

and levied and assessed upon all of the adjacent property and property owners of such block according to the lineal footage of the respective properties abutting upon both sides of the block of the street.

Such levy and assessment shall be made by The Commissioners by causing a complete list of all properties to be assessed, setting forth the number of lineal feet of each such property fronting or abutting upon the street, the owner or owners thereof, and the amount levied and assessed against such property and the owner or owners thereof.

A copy of such special assessment list shall be posted in the City Hall of the City for one week for public inspection. An advertising stating the fact of such posting and the time and place when and where The Commissioners shall sit to hear objections to the assessment list shall be published in two successive issues of a newspaper published in the City prior to the day fixed for hearing; and the hearing shall not be less than ten (10) days nor more than twenty (20) days after the last publication of such advertisement. The hearing shall be in public on the day and hour and at the place stated in the advertisement, and The Commissioners shall hear and determine all objections to such special assessment list as shall have been made by any party in interest in writing and filed with The Commissioners, at any time prior to the hour of such public hearing as fixed in the advertisement. The hearing may be adjourned from time to time until all objections have been heard and determined.

Upon determination of all objections The Commissioners shall cause said assessment list to be corrected and altered, if need be, to conform to and comply with the terms hereof; and such list showing the several amounts, finally determined as having been levied and assessed against the several properties and the owners thereof shall be certified to by The Commissioners as correct.

Any special assessment made hereunder shall be a lien upon the respective properties upon which any such assessment is levied and assessed as of the date that the list shall be certified to by The Commissioners as correct; and such lien shall be certified to by The Commissioners as correct; and such lien shall have priority over all other liens, encumbrances or conveyances excepting only tax liens and prior special assessment lists of like nature for public improvement.

Immediately after certification of the assessment list, The Commissioners shall cause a duplicate thereof to be prepared and delivered to the City Manager, who shall immediately prepare statements of such assessments against each property so assessed, and shall mail, deliver or cause to be delivered such statements to the person or persons whose names appear therein as the owner or owners of such property, or properties, respectively. The mailing of a statement to the last known post office address of any person shall be a sufficient notice of such assessment.

All sums of money paid on account of any such assessment shall be paid to the City Manager who shall give his receipt therefor, and all such sums of money shall be by him paid and delivered to the Treasurer of the City who shall deposit them in some banking institution in the State of Delaware in a special account to be designated as a "Sinking Fund for Street Improvement", separate and distinct from any other funds controlled by said Treasurer. The money so deposited shall only be paid out of any such account for the purpose of paying, retiring or redeeming any borrowing of money, bonds or certificates of indebtedness incurred or issued by the City in pursuance hereof, and for the paying of interest thereon. If at any time all such outstanding borrowings, bonds or certificates of indebtedness, and interest thereon be fully paid and satisfied, any amount remaining in such sinking fund may be paid over into the general fund of the City and used for any lawful municipal purpose.

All special assessments shall be due and payable upon the date that The Commissioners certify to the correctness thereof, and all amounts unpaid thereon after sixty (60) days of the date of certification shall bear lawful interest until the date of payment, and such interest shall be added and considered as a part of any such assessment. Any assessment paid in full within sixty (60) days of the due date shall not bear interest.

Any property owner or owners so assessed may file with the City Manager a statement in writing signed by him or them and stating that such owner or owners elect to pay the assessment in five equal installments. Any such statement must be filed within sixty (60) days from the due date of such assessment, and if so filed such owner or owners shall then be allowed to pay the same in five (5) equal installments with interest as aforesaid upon the unpaid balance. The first such installment shall be due and payable within sixty (60) days from the date that The Commissioners shall certify the list, and a subsequent installment, with interest as aforesaid, shall be due and payable on the first day of July in each year thereafter until fully paid. Any owner of property shall have the right to pay the full balance due upon his assessment at any time. If any owner, not electing to pay the assessment in installments, or having so elected, shall neglect to pay any installment or any part thereof, when due, the whole of said assessment and interest shall be forthwith collected by the City Manager who is hereby vested with all the rights and powers, and shall proceed to collect the same in any of the manners provided for the collection of other taxes, assessments and charges due the City as more particularly set forth in Section 27 of the Charter of the City.

**Jetties, Bulkheads, Embankments And Boardwalks**

## CHARTER OF REHOBOTH BEACH                                        33

**Section 34.**

The Commissioners of Rehoboth Beach shall have the power and authority to locate, lay-out, construct, widen, extend, improve, repair, vacate or abandon jetties, bulkheads and embankments for the preservation of any beach or strand within the limits of the City or contiguous thereto, to the ends that the same may be preserved and property may be protected, or boardwalks and piers, to the end that the general public might enjoy the use thereof. In the locating, laying-out, constructing, widening, extending, improving, repairing, vacating or abandoning of any such jetties, bulkheads, embankments, boardwalks and piers, The Commissioners shall have full power and authority to use such materials and substances and such methods of construction and shall employ such contractors, engineers, inspectors and others as The Commissioners shall deem expedient and advisable. For the purpose of this Section The Commissioners shall have full power and authority to expend such part or parts of the money of the City, in the general fund of the City not otherwise appropriated.

The Commissioners may, by condemnation proceedings, take private lands or the right to use private lands for any of the purposes mentioned in this Section. The proceedings by condemnation under this Section shall be the same as prescribed in Section 33 of this Charter for the opening and laying-out of new streets or the vacating or abandoning of old streets and the resolutions referred to in said Section 33 shall be changed and modified to cover cases contemplated by this present Section.

### Water System

**Section 35.**

The Commissioners of Rehoboth Beach shall have full power and authority to provide an ample supply of pure water for the City and the inhabitants thereof. To this end, it shall have full power and authority to purchase, acquire by grant or gift, lease, erect, construct, maintain, operate, extend, enlarge, renew, replace and control wells, reservoirs, pumping machines and stations, tanks, standpipes, water mains, fire hydrants and all other instruments for the collection, storage, purification, conveyance and distribution of water, over, on, under or through the lands controlled by The Commissioners or belonging to private individual or individuals.

The Commissioners shall have power to enact ordinances, rules and regulations in regard to the use for public or private purposes of water furnished by The Commissioners; the amounts to be paid by the users thereof; the means or methods whereby the same shall be collected; the fixing of fines, or penalties, or both, for any willful or negligent injury or damage to or interference with the water system or equipment of the City.

The Commissioners may, at its option, furnish water from the City system to places and properties outside the City limits and upon such special terms, charges and conditions as it shall deem wise.

The Commissioners shall have the power to make contracts for the purchase of water with any responsible person, firm or corporation and to distribute the same to users within or without the said City with the same full powers as if such water had been initially reduced to usefulness by The Commissioners itself.

The Commissioners shall have full power and authority, at any regular or special meeting, to enact ordinances or to adopt resolution granting franchises to any responsible person, firm, association or corporation and for such term or terms of years as shall seem wise to The Commissioners, to use the present or future streets, squares, alleys, lanes and beach strand of the City for the purposes of furnishing water to the City and to the persons, firms, or corporations residing therein, and for the purpose of transmitting the same, or any, or all of them, through, over, across or under said streets, squares, alleys, lanes and beach strands to points outside the City limits, any such franchise or franchises to contain such restrictions, conditions and stipulations as shall, to the said, The Commissioners seem wise.

The Commissioners may, by condemnation proceedings, take private land and property, or the right to use private land and property, under, over, or on the surface thereof, for the proper furnishing of an ample supply of pure water or the creation, construction, extension, maintenance of a proper water system, or the distribution thereof as above provided. The proceedings by condemnation under this Section shall be the same as prescribed by Section 33 of this Charter, which is concerned with the opening and laying-out of new streets, and the resolutions referred to in said Section 33 shall be changed and modified to cover these cases contemplated by this particular Section of the Charter.

### Sewer System

**Section 36.**

All the powers and authorities vested in The Commissioners of Rehoboth Beach are under and by virtue of Chapter 119, Volume 38, Laws of Delaware, are hereby vested in The Commissioners of Rehoboth Beach under and by virtue of the provisions of this Charter.

The Commissioners of Rehoboth Beach are hereby vested with full power and authority to provide, construct, extend, maintain, manage and control sewer system for the health, sanitation and convenience of the inhabitants of the City, on, over, under, or through the streets, alleys, lanes, roadways or other highways, or on, over, under or through the lands of any person.

The Commissioners of Rehoboth Beach shall have the power to enact ordinances, rules and regulations regarding the sewerage system and sewage treatment plant of the City and the use thereof, and the amounts to be paid by the users thereof, and to fix fines and penalties, or both, for the willful or negligent injury or damage to, or interference with the said sewerage system or sewage treatment plant of the City.

The Commissioners may, at its option, furnish sewer facilities to places and properties outside the City limits upon such special terms, charges and conditions as it may deem wise. In a proper case, the Commissioners of Rehoboth Beach may require any property in the City to be connected with the system and may compel the owner to pay the charge of such connection and the tapping fee charged therefor and in respect thereto may use any method provided in Section 31 of this Charter.

The Commissioners may, by condemnation proceedings, take private land or property, or the right to use private land and property, under, over, or on the surface thereof, for the proper operation or extension of the sewer system or sewage treatment plant in the City. The proceedings by condemnation under this Section shall be the same as prescribed by Section 33 of this Charter; which provides for the opening and laying-out of new streets, and the resolutions referred to in Section 33 shall be changed and modified to cover those instances contemplated by this particular Section of the Charter.

## Electric, Gas And Power Plants And Franchises

**Section 37.**

The Commissioners of Rehoboth Beach shall have full power and authority to erect, construct, equip, maintain and operate a plant or plants for the generating and manufacturing of electric current or gas, or both, for the inhabitants of the City and for lighting of streets, squares, alleys, lanes and public places and buildings of the City and shall have full power and authority to construct, erect, maintain, improve, extend, equip and operate such transmission and distributing -lines, pipes, mains and other conveyances for any such current or gas as may be necessary to properly light the City and to furnish proper connections for electric current and gas to the properties of the inhabitants of the City who may desire the same.

The Commissioners of Rehoboth Beach shall have the power to make, contracts for the purchase of heat, light, sewer service, water, electric current and gas with any responsible person, firm or corporation and to distribute the same to users within or without the said City with the same full powers as if such heat, light, power, water, electric current, or gas had been generated or manufactured by the City as herein expressly provided for in this Charter.

The Commissioners shall have the power to grant to all persons whomsoever in the City the privileges of using electric current or gas conveyed and distributed by the City in such manner and in such terms and consideration and at such rates and for such amounts as The Commissioners may deem just and proper and shall enact such ordinances relating to electric current or gas or their generation or manufacture or their distribution in said City and the regulation of the connection thereof with the properties of individuals in said City and with general management and control of the same as The Commissioners shall, from time to time, deem to be most expedient.

The Commissioners may, at its option, transmit electric current from the said City to place or places and property or properties outside the City limits, upon such terms, charges and conditions as it shall deem wise.

The Commissioners of Rehoboth Beach shall also have full power and authority at any regular or special meeting to enact ordinances or to adopt resolutions granting franchises to any responsible person, firm, association or corporation and for such term or terms of years as shall deem wise to The Commissioners, to use the present and future streets, squares, alleys and lanes of the City for the purpose of furnishing heat, light, power, gas, water or electric current, or any, or all of them, to the said City and to the persons, firms or corporations residing therein, and for the purpose of transmitting the same, or any, or all of them, through, over, across or under said streets, squares, alleys and lanes to points outside of the City limits; any such franchise or franchises to contain such restrictions, conditions and stipulations as shall, to the said Commissioners, deem wise.

The Commissioners may, by condemnation proceedings, take private land and property, or the right to use private land and property, under, over, or on the surface thereof, for the proper operation, manufacture or extension or distribution of

gas or electric current as above provided. The proceedings by condemnation under this Act shall be the same as prescribed by Section 33 of this Charter, which is concerned with the opening and laying-out of new streets, and the resolutions referred to in said Section 33 shall be changed and modified to cover those cases contemplated by this particular Section of the Charter.

### Drainage

**Section 38.**

The Commissioners of Rehoboth Beach shall have the full jurisdiction and control, within the limits of the City, of the drainage of all water thereof, together with the right to alter and change the course and direction of any of the natural water courses, runs and rivulets within the limits of the City and may pass ordinances for the opening of gutters, surface water and underground drains and sewers within the limits of the City. The Commissioners of Rehoboth Beach shall also have full power to regulate, maintain, clean and keep the natural water courses, runs and rivulets within the City limits open and clean and unobstructed and for that purpose may authorize the entry upon private lands and take, condemn and occupy the same in the same manner and by the same condemnation proceedings as hereinbefore provided by Section 33 of this Charter; which is concerned with the opening and laying-out of any streets. By like proceedings The Commissioners of Rehoboth Beach shall also have the power and authority to enter upon private lands and take, condemn and occupy the same for the purpose of laying-down gutters, surface water and underground water drains or sewers, or any of them, within the City limits. Provided, however, that the resolutions referred to in Section 33 of this Charter shall be changed and modified to cover those cases contemplated by this particular Section of the Charter shall be changed and modified to cover those cases contemplated by this particular Section of the Charter.

### City Jail

**Section 39.**

The Commissioners of Rehoboth Beach may build and maintain a suitable place as a lock-up or jail for the City, which shall be used as a place of detention for persons convicted of violation of law or ordinances, or for the detention of persons accused of violation of law or ordinances for a reasonable time, in cases of necessity, prior to hearing and trial. Nothing in this Section shall be construed to deprive The Commissioners of Rehoboth Beach of the right to use the jail of Sussex County for such purposes as may otherwise have been provided.

### Borrowing Of Money And Issuance Of Bonds

**Section 40**

a. The Commissioners of Rehoboth Beach may borrow money and issue bonds or certificates of indebtedness to secure the repayment thereof on the faith and credit of the City of Rehoboth Beach or such other security or securities as the Commissioners shall elect for the payment of principal thereof and interest due thereon.

b. All bonds or other kinds or forms of certificate or certificates of indebtedness issued by the Commissioners of Rehoboth Beach pursuant to the provisions of this section shall be exempt from all State, county or municipal taxes.

c. The power of authority to borrow money may be exercised by the Commissioners of Rehoboth Beach to provide funds for, or to provide for the payment of, any of the following objects and purposes: (1) refunding any or all outstanding bonds or other indebtedness of the City at the maturity thereof or in accordance with any callable feature or provision contained therein; (2) meeting or defraying current operating expenses of the City; (3) erecting, extending, enlarging, maintaining, and repairing any plant, building, machinery or equipment for the manufacture, supplying or distribution of gas, water, electricity, sewerage or drainage system, or any of them, and the condemning or purchasing of any lands, easements and rights-of-way which may be required therefor; (4) constructing, paving, laying-out, widening, extending, repairing and maintaining streets, lanes, alleys and ways and the paving, construction, laying-out, widening, extending, repairing and maintaining of curbing and gutters along the same and the condemning or purchasing of any lands, easements or rights-of-way which may be required therefore; (5) constructing, laying-out, widening, extending, repairing and maintaining boardwalks, piers, jetties, bulkheads, sidewalks, crosswalks, or embankments, or any of them in the condemning or purchasing of any lands, easements or rights-of-way which may be required therefor; (6)

**36**                          **CHARTER OF REHOBOTH BEACH**

defraying the costs to the City of any other municipal improvement provided for or authorized or implied by the provisions of this Charter.

d.  The Commissioners shall adopt a resolution proposing unto the electors of the City by resolution that an amount of money shall be borrowed for any of the above purposes. The resolution shall state the amount of money desired to be borrowed, the purpose for which it is desired, the manner of securing the same, and other pertinent facts relating to the loan which are deemed pertinent by the Commissioners of Rehoboth Beach and in their possession, and shall fix the time and place for a public hearing on said resolution.

e.  Notice of the time and place of the hearing on the resolution authorizing said loan shall be printed in a newspaper having a general circulation in the City of Rehoboth Beach at least one week before the time fixed for the public hearing.

f.  After the public hearing, a second resolution may then be passed by the Commissioners of Rehoboth Beach ordering a Special Election to be held not less than thirty days and no more than sixty days after said public hearing to borrow the said money for the purpose of voting for or against the proposed loan. The passing of the second resolution calling the Special Election shall, ipso facto, be considered the determination of the Commissioners of Rehoboth Beach to proceed in the matter in issue.

g.  The notice of the time and place of holding the said Special Election shall be printed in two issues of a newspaper having a general circulation in the City of Rehoboth Beach within thirty days prior to the date of the said Special Election.

h.  At the said Special Election, every owner or leaseholder, as defined in this Charter, of property, whether an individual, partnership or corporation, shall have one vote and every person who is a bona fide resident of the City of Rehoboth Beach, but who is not an owner or leaseholder, as defined in this Charter, of property within the corporate limits of the City of Rehoboth Beach and who would be entitled at the time of holding of the said Special Election to register and vote in the Annual Municipal Election if such Annual Municipal Election were held on the day of the Special Election shall have one vote whether or not such person be registered to vote in the Annual Municipal Election.

i.  Any Special Election held pursuant to the provisions of this section shall be conducted by voting machines which shall have the following designations:

   For the proposed borrowing        _____
   Against the proposed borrowing _____
   The voter shall be instructed to mark the box for which he casts his vote.

j.  In the event that an individual holds a power of attorney duly executed and acknowledged of another person or of a firm or corporation specifically authorizing the said individual to vote at the said Special Election, a duly authenticated copy of which has been filed in the Office of the City Manager of the City of Rehoboth Beach, such individual shall be entitled to cast the vote of said person, firm or corporation.

k.  The Mayor of the City of Rehoboth Beach shall appoint Election Officials who shall have the same qualifications provided in this Charter as the Election Officials of an Annual Municipal Election of the City of Rehoboth Beach. 76 Del. Laws, c. 61

l.  The polling places shall be open from ten o'clock (10:00) in the morning, prevailing time, until six o'clock (6:00) in the evening, prevailing time, on the date set for the Special Election. Persons in the polling place at 6:00 in the evening shall be entitled to vote even though such votes may be cast after 6:00 in the evening.

m.  Immediately upon the closing of the polling places, the Election Officials shall count the ballots for and against the proposed borrowing and shall announce the result thereof and shall make a certificate under their hands of the number of votes cast for and the number of votes cast against the proposed borrowing and the number of void votes and shall deliver such certificate, in duplicate, to the Commissioners of Rehoboth Beach. The said certificate shall be filed with the papers of the Commissioners of Rehoboth Beach. 76 Del. Laws, c. 61

n.  The form of the bonds or certificates of indebtedness and the thereunto attached coupons, if any, the time or times of payment, the interest rate, the classes, the series, the maturity, the registration, any callable or redeemable feature, the denomination and the name thereof and any other relative or appurtenant matter pertaining thereto shall all be determined by the Commissioners of Rehoboth Beach after said Special Election.

p.  If it is determined to sell the said bonds at public sale, the bonds shall be offered for sale to the best and most responsible bidder therefor after such public advertising as the Commissioners shall deem appropriate.

q.  In no event shall the indebtedness of the City of Rehoboth Beach authorized by this section at any one time exceed in the aggregate fifty million dollars ($50,000,000.00). 78 Del. Laws, c. 358, §1

r.   Notwithstanding the foregoing provisions of this Section, the Commissioners may be Resolution authorize the issuance of bonds or other obligations under this Section for the purposes of refinancing any outstanding bonds or other obligations of the City (including the payment of transaction costs), without the necessity of the special public hearing referred to in paragraph d or the second resolution or the Special Election referred to in paragraph f; provided that the issuance of the refunding obligations results in a present value savings to the City. Present value savings shall be determined by using the effective interest rate on the refunding obligations as the discount rate calculated based on the internal rate of return. The principal amount of the refunding obligations may exceed the outstanding principal amount of the obligations to be refunded. At the time of the issuance of the refunding obligations, there shall be deposited in escrow, pledged to secure the refunded obligations, sufficient monies and/or direct obligations of, or obligations the principal of and interest on which are guaranteed by, the United States government, which, without regard to any reinvestment earnings, will be sufficient to pay when due all interest, principal and redemption price on the refunded obligations at maturity or upon earlier call for redemption

s.   Notwithstanding the foregoing provisions of this Section, the Commissioners may authorize the issuance of bonds or other obligations under this Section in an aggregate amount of up to $6,000,000 outstanding at any time, without regard to the requirements set forth in paragraphs d. through m. of this Section 40, if: (I) the Commissioners, by Resolution (adopted by at least a majority of all of the Commissioners) approves of the issuance of bonds or other obligations pursuant hereto for a proper municipal purpose with such Resolution stating the amount of such issuance, the purpose of such issuance, the manner of securing the same, that the amount of such other bonds and obligations issued pursuant to this paragraph s. does not exceed $6,000,000 and any other facts relating to the issuance which are deemed pertinent by the Commissioners of Rehoboth Beach and in their possession at that time. Such Resolution (or a subsequent Resolution adopted by at least a majority of a quorum as established pursuant to Section 10 hereof) shall establish the form of the bonds or certificates of indebtedness, the time or times of payments, the interest rate or rates, the classes, the series, the maturity or maturities, the registration, any callable or redeemable features, the denominations and the name or names thereof and any other relative or appurtenant matter pertaining thereto. Except for the provisions of paragraphs d. through m. of this Section 40, all other provisions of this Section 40 shall be applicable to bonds and other obligations issued pursuant to the this paragraph. 60 Del. Laws, c. 622; 69 Del. Laws, c. 185; 70 Del. Laws, c. 174; 75 Del. Laws, c. 241;

**Sale Of Property**

**Section 41.**

All unsold real estate within the limits of the present City of Rehoboth Beach shall continue to be vested in The Commissioners of Rehoboth Beach under this Charter, subject, however, to the liens thereon already existing, and The Commissioners of Rehoboth Beach shall control and have charge of the same, and are hereby authorized and empowered to sell and dispose of the same in such manner and upon such terms as they deem advisable and advantageous and to execute a good and sufficient deed or deeds in fee simple, or for a lesser estate, to the purchaser or purchasers thereof. The Commissioners of Rehoboth Beach shall have the power to plot and lay-out streets or avenues in, upon and through any unsold or unplotted real estate.

The Commissioners of Rehoboth Beach are hereby authorized and empowered in their discretion to sell and convey or lease to any responsible person or persons, firm or firms, association or associations, or corporation or corporations, any or all real and personal property or both, within or without its boundaries, now or hereafter owned by the Commissioners for any municipal purpose provided, however, that the sale or conveyance of any real property must be approved by the majority vote of the Commissioners after a pubic hearing held in relation thereto. 71 Del. Laws, c. 141

**Section 41a**

(a)  Qualified residents and property owners of the City of Rehoboth Beach shall have the power to require reconsideration by the Commissioners of Rehoboth Beach of any adopted Ordinance and to approve or reject it at an election as provided herein; provided, however, that such power of referendum shall not extend to the budget or capital program or any emergency ordinance or any ordinance relating to the appropriation of money or any ordinance relating to the levy of taxes.

(b)  A Referendum Petition, signed by persons registered on the corporate 'Books of Registered Voters' of the City of Rehoboth Beach as prescribed in this Charter equal in number to at least forty percent (40%) of the total number of voters who voted in the Annual Municipal Election next preceding the execution of the Referendum

## CHARTER OF REHOBOTH BEACH

Petition with the local address of the person so signing, or three hundred (300) such persons as aforesaid, whichever is greater, shall be presented to the Commissioners of Rehoboth Beach at the next regular meeting of the Commissioners of Rehoboth Beach following adoption of the ordinance sought to be reconsidered. Each copy of such petition shall contain and have attached thereto throughout its circulation the full text of the ordinance sought to be reconsidered. 66 Del. Laws, c. 59

(c) Each copy of the petition shall have attached to it, when filed, an affidavit executed by the signer thereof stating that he personally circulated the petition, the number of signatures thereon, that all signatures were affixed in his presence, that he believes them to be the genuine signatures of the persons whose names they purport to be, that each such person who signed it is qualified to sign the petition and that each signer had an opportunity, before signing, to read the full text of the ordinance sought to be reconsidered.

(d) A Petition for Referendum shall be filed at the next regular meeting of the Commissioners of Rehoboth Beach following adoption by the Commissioners of Rehoboth Beach of the ordinance sought to be reconsidered or it shall not be the subject of a referendum. If there are less than twenty-eight (28) days from the date of the adoption of the Ordinance sought to be reconsidered until the next regular meeting of the Commissioners of Rehoboth Beach, the Petition for Referendum shall be presented at the first regular meeting following the expiration of the said twenty-eight (28) day period or the Ordinance sought to be reconsidered shall not be the subject of a referendum. 61 Del. Laws, c. 61

(e) Within twenty (20) days after the petition is filed with the Commissioners of Rehoboth Beach at a regular meeting, the City Manager shall complete a certificate as to its sufficiency, specifying, if it is insufficient, the particulars wherein it is defective, and shall promptly send a copy of the certificate to the circulator of such petition by certified mail with return receipt requested. A petition certified insufficient for lack of the required number of valid signatures may be amended one (1) time if the circulator files a Notice of Intention to Amend with the City Manager within two (2) days after receiving a copy of his certificate and files a Supplementary Petition upon additional papers within five (5) days after receiving the copy of such certificate. Such Supplementary Petition shall comply with the requirements of this Section concerning form, content, and the affidavit of the circulator. Within five (5) days after it is filed, the City Manager shall complete a certificate as to the sufficiency of the petition, as amended, and shall promptly send a copy of such certificate to the circulator by certified mail with return receipt requested, as in the case of the original petition. If the petition, or amended petition, is certified sufficient, or if the petition or amended petition is certified insufficient and the circulator does not elect to amend or request a review of the sufficiency of the certificate by the Commissioners of Rehoboth Beach within the time required, the City Manager shall promptly present his certificate to the Commissioners of Rehoboth Beach at the next regular meeting and the certificate shall then be a form of determination as to the sufficiency of the petition.

(f) If a petition has been certified to be insufficient and the circulator has not filed Notice of Intention to amend, or if an amended petition has been certified insufficient, the circulator may, within two (2) days after receiving the copy of such certificate file a request that it be reviewed by the Commissioners of Rehoboth Beach. The Commissioners of Rehoboth Beach shall review the certificate at the next regular meeting following the filing of such request and approve or disapprove it, and the determination of the Commissioners of Rehoboth Beach shall be a final determination as to the sufficiency of the petition.

(g) Any person or persons, jointly or severally, aggrieved by the decision of the Commissioners of Rehoboth Beach may present to the Superior Court of the State of Delaware, a petition duly verified, setting forth that such decision is invalid, in whole or in part, specifying the grounds of such invalidity. Such petition shall be presented to the Court within thirty (30) days following the determination by the Commissioners of Rehoboth Beach as to the insufficiently of such petition. Upon presentation of the petition, the Court may allow a Writ of Certiorari directed to the Commissioners of Rehoboth to review such decision of the Commissioners of Rehoboth and shall prescribe therein the time within which a return thereto must be made and served upon the petitioner or his attorney, which shall not be less than ten (10) days and may be extended by the Court. The allowance of the Writ shall stay proceedings upon the decision or determination appealed from. The Court may reverse or affirm, wholly or partly, or may modify the determination brought up for review.

(h) Upon the filing of the Petition for a Referendum with the City Manager, the ordinance sought to be reconsidered shall be suspended from taking effect. Such suspension shall terminate upon the happening of any of the following events.

1. There is a final determination of insufficiency of the Petition; or

2. The Petition is withdrawn by the circulators thereof or sufficient copies thereof are withdrawn so that there are insufficient numbers of signatures as required by this Section; or

## CHARTER OF REHOBOTH BEACH

<span style="float:right">39</span>

3.  The Commissioners repeal the ordinance; or

4.  Thirty (30) days have elapsed after a vote by the voters on the ordinance; or

5.  There is a final determination by the Superior Court.

(i) The Commissioners of Rehoboth Beach shall reconsider the referred ordinance at the first regular meeting after the Petition for a Referendum has been finally determined to be sufficient. If the Commissioners of Rehoboth Beach fail to repeal the referred ordinance, the referred ordinance shall be submitted to the voters of the City of Rehoboth Beach at an election.

(j) The vote of the residents and property owners of the City of Rehoboth Beach on a referred ordinance shall be held not less than thirty (30) days and no later than sixty (60) days from the date that the petition is determined to be sufficient. If the Annual Municipal Election is to be held within the period prescribed in this Section, such referendum shall be considered as part of that election. If the Annual Municipal Election is not to be held within the period prescribed in this section, the Commissioners of Rehoboth Beach shall provide for a special election. If the Commissioners of Rehoboth fail to hold a referendum within the time specified in this section, the ordinance for which the petition was filed shall be deemed to be repealed at the expiration of sixty (60) days from the date that the petition was considered to be sufficient, and shall not be passed in the same form for a period of six (6) months from the effective date of repeal.

(k) At the said Special Election, every person, male or female, who shall have attained the age of eighteen (18) years, and who shall be a freeholder or leaseholder, as defined in this Charter, in the City of Rehoboth Beach for a period of Six (6) months immediately preceding the date of such Special Election, whether or not a resident of the State of Delaware, or of the City of Rehoboth Beach shall have one (1) vote, provided such person is registered on the corporate "Books of Registered Voters" of the City of Rehoboth Beach as prescribed in this Charter. In addition, every person, male or female, other than a freeholder or leaseholder as defined in this Charter, who shall have attained the age of eighteen (18) years on the date of the Special Election and who shall be a bona fide resident of the State of Delaware and the City of Rehoboth Beach on the date of the Special Election shall be entitled to one (1) vote, provided such person shall be registered on the 'Books of Registered Voters' of the City of Rehoboth Beach as prescribed in this Charter. Any person who shall register on the 'Books of Registered Voters' shall be entitled to vote in the Special Election provided by this Section. A person may register at the Office of the City Manager during the regular office hours on any day in order to vote in the Special Election until the close of business on the second Friday prior to the date of the said Special Election. Any person registered to vote in the Annual Municipal Election shall not be required to register in order to vote in the Special Election to be held pursuant to this Section. The 'Books of Registered Voters' shall be conclusive evidence of the right of any person to vote at the Special Election. 68 Del. Laws, c. 40

(l) The notice of the time and place of holding the said Special Election shall be printed in at least two (2) issues of a newspaper having a general circulation in the City of Rehoboth Beach within thirty (30) days immediately preceding the date of the Special Election.

(m) The Mayor of the City of Rehoboth Beach shall appoint three (3) persons to act as Election Officials, if a Special Election is required. The polling place shall be open from eleven o'clock (11:00) in the morning, prevailing time, until seven o'clock (7:00) in the evening, prevailing time, on the date set for the Special Election. Persons in the polling place at seven o'clock (7:00) in the evening, shall be entitled to vote even though such votes may be cast after seven o'clock (7:00) in the evening. 76 Del. Laws, c. 61

(n) Immediately after the closing of the polling place or places, the Election Officials shall count the ballots for and against the proposition as presented, and shall announce the results thereof. The Election Officials shall make a certificate under their hands of the number of votes cast for and against the proposed ordinance and the number of void votes, and shall deliver the same to the Commissioners of Rehoboth Beach. The said certificate shall be filed with the papers of the Commissioners of Rehoboth Beach.  76 Del. Laws, c. 61

(o) The form of the ballot of the said Election, whether the same be considered at the Annual Municipal Election or at a Special Election shall be as follows:

    (   )For the Referred Ordinance

    (   )Against the Referred Ordinance

    (Check your preference)

Paper ballots may be used in any Special Election on a referral of an ordinance. The Commissioners of Rehoboth Beach shall cause to be prepared and printed a sufficient number of ballots not less than five (5) days prior to the date of the Special Election. Voting machines shall be used if the referendum is held on the day of the Annual Municipal Election.

**CHARTER OF REHOBOTH BEACH**

(p) If the majority of the residents and property owners voting on a referred ordinance vote against such ordinance, it shall be considered repealed upon the certification of the result of the election by the Election Officials. No ordinance which as been repealed as the result of a referendum shall be passed again in the same form by the Commissioners of Rehoboth Beach for a period of six (6) months from the date of the referendum. 60 Del. Laws, c. 121; 61 Del. Laws, c. 61; 76 Del. Laws, c. 61;

(q) The Commissioners of Rehoboth Beach may, in their sole discretion, elect to adopt an ordinance subject to a referendum. In such event the Commissioners of Rehoboth Beach shall, at the same time such ordinance is adopted, pass a resolution subjecting such ordinance to a referendum. Upon the passage of a resolution subjecting the ordinance to a referendum, such ordinance shall be suspended from taking effect until 30 days after it is approved at a referendum. The referendum shall be held on the date of the annual municipal election, and shall be considered a part of the election. The referendum shall be held and conducted and the results accepted according to the provisions of Section 41A, Subsection k., l., m., n., o. and p. of the Charter of the City of Rehoboth Beach, Delaware. If a majority of the residents and property owners voting on the referred ordinance vote against such ordinance, it shall be considered repealed upon the certification by the Election Officials. No ordinance which has been repealed as the result of a referendum shall be passed again in the same form by the Commissioners of Rehoboth Beach within a period of six (6) months from the date of the referendum.

Nothing contained herein shall operate so as to require the Commissioners of Rehoboth Beach to exercise their discretion to submit any ordinance to a referendum; and nothing contained herein shall operate to restrict the right of the residents and property owners of the City of Rehoboth Beach to initiate a referendum pursuant to Section 41A, Subsections a. through j. However, the decision of the Commissioners to submit an ordinance to a referendum shall, in the case of such ordinance, constitute the only referendum to which such ordinance shall be subjected; and there shall be no right to subject such ordinance to an additional or second referendum pursuant to 41A, Subsections a. through j. 65 Del. Laws, c. 34; 76 Del. Laws, c. 61;

### Exemption Of Property From Taxation

**Section 42.**

The Commissioner of Rehoboth Beach shall, within its sound discretion, have the authority, by ordinance, or by resolution, to exempt, relieve, release, and exempt any person, firm, association or corporation from the payment of any or all taxes, assessments, license fees, or other charges due the City for a period of not longer than ten (10) years; provided, any such person, firm, association or corporation shall initially expend, by way of permanent improvement or improvements in the City, for the promotion of any enterprise, whether it be business, pleasure, social, or otherwise, an amount equal to not less than Fifty Thousand ($50,000.00) Dollars.

**Section 42A.**

59 Del. Laws, c. 182; 75 Del. Laws, c. 383; 76 Del. Laws, c. 61;

### Contracts

**Section 43.**

A. All contracts for the purchase of materials or for the furnishing of services authorized or permitted by this Charter shall be accomplished by competitive bidding and the awarding of contracts to be to the lowest responsible and responsive bidder.

B. A contract may be awarded to a bidder other than the lowest responsible and responsive bidder if, in the opinion of The Commissioners, the interest of the City shall be better served by awarding the contract to another bidder. Such award shall be made only if the Commissioners make a written determination of the award, describing the reasons why such award better serves the interest of The City. Reason for making such award may include, but are not limited to: unsatisfactory performance on any previously awarded contract by the bidder rejected.

C. Determination of a Responsive and Responsible Bidder.

   1. The City Commissioners shall determine that a bidder is responsive before awarding a contract to the bidder. A responsive bid shall conform in all material aspects to the requirements and criteria set forth in the contract plans and specifications.

## CHARTER OF REHOBOTH BEACH

2. The Commissioners shall also determine that each bidder on any contract is responsible before awarding the contract. Factors to be considered in determining if a bidder is responsible include:

   a. The bidder's financial, physical, personnel or other resources, including subcontracts;

   b. The bidder's record of performance and integrity;

   c. Whether the bidder is qualified legally to contract with the City and;

   d. Whether the bidder supplied all the necessary information concerning it's responsiveness.

   e. Any other specific criteria for a particular procurement, which the City may establish; provided however, that the criteria shall be set forth in the invitation to bid and is otherwise in conformity with city, state and/or federal law.

D. If two or more responsible and responsive bidders shall bid an equal amount and such amount shall be the lowest bid, the Commissioners may award the contract to any one of them, or may reject all bids.

E. The Commissioners may reject all bids on any contract prior to the award of the contract for any reason it believes to be in the best interest of the City.

F. Competitive bidding shall not be required in any of the following circumstances:

   1. The aggregate amount of the contract involved is not more than ten thousand dollars;

   2. The purchase of contract is for personal or professional services;

   3. The purchase or contract is for any service rendered by a university, collection or other educational institution;

   4. The purchase or contract is for any service to be rendered by the State of Delaware or any political subdivision thereof;

   5. The purchase or contract is for property or services for which it is impracticable to obtain competition;

   6. The public exigency as determined by The Commissioners will not permit the delay incident to advertising;

   7. The materials to be purchased are to be used to complete a project under the supervision of the City Manager;

   8. The purchase or contract is for property or services for which The Commissioners determine the prices received after competitive bidding are unreasonable as to all or part of the requirement or were not independently reached in open competition;

   9. A public emergency as determined by The Commissioners exists.

   10. The purchase or contract is for materials, motor vehicles, vehicles, equipment of any kind, tools and other personal property which the State of Delaware has purchased or has chosen for purchase pursuant to the procedures provided by 29 Del.C. §6901 et. seq. or the vendor of said personal property has a contract with the Federal General Services Administration and as a result has been placed on the G.S.A. Federal Supply Schedule.

G. Bidder Pre-qualification Requirements.

   1. The City may require any potential bidder on a contract which involves construction, reconstruction, demolition, alteration and repair work, and/or maintenance work and where the aggregate amount of the contract is more than fifty thousand dollars to complete a questionnaire containing any or all of the following information for the purposes of pre-qualification:

      (a) The most recent audited financial statement and/or financial statement review, as provided by a certified public accountant, containing a complete statement of that proposing contractor's financial ability and standing to complete the work specified in the invitation to bid;

      (b) The proposing contractor's experience on other public works or private projects, including but not limited to, the size, complexity and scope of the firm's prior projects;

      (c) Performance reviews of the proposing contractor on previously awarded public works or private construction projects within the last 10 years;

      (d) Civil judgments and/or criminal history of the proposing contractor's principals;

      (e) Any debarment or suspension by any government agency;

      (f) Any revocation or suspension of a license; or

      (g) Any bankruptcy filings or proceedings.

   2. Based upon the proposing contractor's answers to the pre-qualification questionnaire, The City may deny pre-qualification for any one of the following specified reasons:

      (a) Insufficient financial ability to perform the contract;

    (b) Inadequate experience to undertake the project;

    (c) Documented failure to perform on prior public or private construction contracts, including but not limited to, final adjudication or admission of violations of prevailing wage laws in Delaware or any other state;

    (d) Prior judgments for breach of contract that indicate the proposing contractor may not be capable of performing the work or completing the project;

    (e) Criminal convictions for fraud, misrepresentation or theft relating to contract procurement;

    (f) Inadequate labor supply available to complete the project in a timely manner;

    (g) Previous debarment or suspension of the contractor by any government agency that indicates the proposing contractor may not be capable of performing the work or completing the project;

    (h) Previous revocation or suspension of a license that indicates the proposing contractor may not be capable of performing the work or completing the project;

    (i) Previous bankruptcy proceedings that indicate the proposing contractor may not be capable of performing the work or completing the project or

    (j) Failure to provide pre-qualification information.

3. Denial of pre-qualification shall be in writing and shall be sent to the contractor within 5 working days of such decision. The City may refuse to provide any contractor disqualified under this section the plans and specifications for the project. The City after receiving a bid from a contractor disqualified under this section shall not consider such bid.

H. Any contractor disqualified pursuant to paragraph G, of this section may review such decision with the City Manager. No action in law or equity shall lie against any agency or its employees, agents and/or consultants, if the contractor does not first review the decision with the City Manager. To the extent the contractor brings an action challenging a decision pursuant to paragraph G of this section after such review by the City Manager, the Court shall afford great weight to the decision of the City Manager and shall not overturn such decision unless the contractor proves by clear and convincing evidence that such decision was arbitrary and capricious. 56 Del. Laws, c. 61; 63 Del. Laws, c. 138; 73 Del. Laws, c. 246;

### Payment Of Charges Due The Town By Work

### Section 44.

The Commissioners of Rehoboth Beach are empowered, upon the approval of the City Manager, to provide for the payment of all or any taxes, fines, penalties, forfeitures or other charges due the City by the performance of labor for the City by those who may owe any such taxes, fines, penalties, forfeitures or other charges, and to make proper regulations and rules therefor. Such rules and regulations shall not be binding upon the City Manager, nor shall he be forced thereby to hire any person or employee except that the same shall first have met his approval.

### Section 44-a.

No action, suit or proceeding shall be brought or maintained against The Commissioners of Rehoboth Beach for damages, either compensatory or punitive, on account of any physical injury or injuries, death or injury to property by reason of the negligence, simple, gross, willful or wanton of the said The Commissioners of Rehoboth Beach or any of its departments, officers, agents, or employees thereof, unless the person by or on behalf of whom such claim or demand is asserted, within ninety days from the happening of such injury or the suffering of such damage, shall notify The Commissioners of Rehoboth Beach in writing of the time, place, cause, character and extent of the injuries sustained so enrolled or damages suffered.

### Compendium

### Section 45.

It shall be the DUTY of The Commissioners, at reasonable time, or times, to compile the ordinances, codes, orders, and rules of The Commissioners of Rehoboth Beach. It shall have a reasonable number of copies printed for the use of the officials of the City and for public information. From time to time, upon the enactment of new ordinances, codes, rules and regulations, or upon the enactment of amendments to the same, The Commissioners shall enroll the same in the minutes of The Commissioners and shall keep copies of the same in a book to be provided for that purpose so that the same may

## CHARTER OF REHOBOTH BEACH                                    43

be readily examined. It shall furnish to the Mayor of the City of Rehoboth Beach copies thereof as they are enacted; and therefrom may cause supplements to be compiled and printed to any compendium thereof heretofore printed as above provided.

### Investigation

**Section 46.**

The Commissioners of Rehoboth Beach shall have the power to inquire into and investigate the conduct of any office, officer or employee of the City and to make investigations of all municipal affairs, and, for any such purpose or purposes, shall have the power to subpoena witnesses, administer oaths and compel the production of books, papers or other evidence.

**Section 46-a.**

If at any given time that any notice required by this Act and/or any ordinance, rule, regulation or resolution adopted in pursuance thereof to be published in a newspaper published in the City of Rehoboth Beach, there shall then be no newspaper published in said City, or a temporary or other secession of publication by all newspapers published in said City, then in any such event The Commissioners of Rehoboth Beach shall select a newspaper of general circulation, published outside of said City but within the limits of Sussex County, Delaware, and such notice shall be published in the newspaper so selected by The Commissioners of Rehoboth Beach. Further, in any such event, any notice published in the newspaper so selected by The Commissioners of Rehoboth Beach, as aforesaid, conclusively shall be deemed to have been published in full compliance of this Act and/or any ordinance, rules, regulation or resolution adopted in pursuance thereof in respect of the publication of such notice in a newspaper, notwithstanding anything hereinbefore or hereinafter contained to the contrary.

Section 2.   Excepting as may be herein provided expressly to the contrary, every and all Sections or parts of Sections of this Act shall become effective immediately upon its approval.

Section 3.   The authority vested in The Commissioners of Rehoboth Beach and the taxables of the City of Rehoboth Beach by Section 1 of this Act shall apply with equal force and effect to all loans which may be required to raise funds necessary to replace and/or repair all such public property or estate as might have been so destroyed or damaged at a time or times preceding the enactment and approval of this Act as well as at a time or times after the date of the enactment and approval hereof.

Section 4.   All Acts or parts of Act inconsistent with or in conflict with the provisions of this Act are hereby repealed to the extent of such inconsistency only.

Section 5.   If any part of this Act shall be held invalid or unconstitutional, such holding shall not be deemed to invalidate the remaining provisions hereof.

Section 6.   This Act shall be taken as and deemed to be a public act of the State of Delaware.

### Survival Of Powers And Validating Section

**Section 47.**

All powers conferred upon or vested in the Town of Rehoboth Beach or The Commissioners of Rehoboth Beach by any Act or Law of the State of Delaware not in conflict with the provisions of this Charter, are hereby expressly conferred upon and vested in the City of Rehoboth Beach and/or The Commissioners of Rehoboth Beach precisely as if each of said powers was expressly repeated in this Charter.

All ordinances adopted by The Commissioners of Rehoboth Beach and in force at the time of the approval, acceptance and going into effect of this Charter are continued in force until the same or any of them, shall be repealed, modified or altered by The Commissioners of Rehoboth Beach under the provisions of this Charter.

All the acts and doings of The Commissioners of Rehoboth Beach or of any official of the City of Rehoboth Beach which shall have been lawfully done or performed under the provisions of any Law of this State or of any ordinance of The Commissioners of Rehoboth Beach, prior to the approval, acceptance and going into effect of this Charter, are hereby ratified and confirmed, unless otherwise provided herein.

All taxes, assessments, license fees, penalties, fines, forfeitures due The Commissioners of Rehoboth Beach or The City of Rehoboth Beach shall be due the City of Rehoboth Beach or The Commissioners of Rehoboth Beach, and all debts

**44**

## CHARTER OF REHOBOTH BEACH

due from the City or The Commissioners shall remain unimpaired until paid by the City of Rehoboth Beach or The Commissioners of Rehoboth Beach.

All powers granted by this Charter in respect to the collection of taxes, license fees, assessments or other charges shall be deemed to apply and extend to all unpaid taxes, license fees, assessments or other charges heretofore lawfully imposed by The Commissioners of Rehoboth Beach.

The Bonds given by or on account of any official of the City of Rehoboth Beach shall not be impaired or affected by the provisions of this Charter.

All acts or parts of Acts inconsistent with or in conflict with the provisions of this Charter are hereby repealed.

If any part of this Charter shall be held to be unconstitutional, such holding shall not be deemed to invalidate the remaining provisions of this Charter.

The Charter shall be taken as and deemed to be a Public Act of the State of Delaware.

Approved December 20, 1963.

54 Del. Laws, c. 197; 55 Del. Laws, c. 70; 55 Del. Laws, c. 71; 55 Del. Laws, c. 260; 56 Del. Laws, c. 61; 56 Del. Laws, c. 194; 57 Del. Laws, c. 410; 58 Del. Laws, c. 61; 59 Del. Laws, c. 4; 59 Del. Laws, c. 78; 59 Del. Laws, c. 182; 60 Del. Laws, c. 121; 60 Del. Laws, c. 556; 60 Del. Laws, c. 622; 60 Del. Laws, c. 623; 61 Del. Laws, c. 58; 61 Del. Laws, c. 61; 62 Del. Laws, c. 4; 62 Del. Laws, c. 50; 63 Del. Laws, c. 34; 63 Del. Laws, c. 138; 63 Del. Laws, c. 225; 64 Del. Laws, c. 83; 65 Del. Laws, c. 33; 65 Del. Laws, c. 34; 65 Del. Laws, c. 438; 65 Del. Laws, c. 439; 66 Del. Laws, c. 59; 66 Del. Laws, c. 60; 68 Del. Laws, c. 40; 68 Del. Laws, c. 305; 69 Del. Laws, c. 185; 70 Del. Laws, c. 127; 70 Del. Laws, c. 174; 71 Del. Laws, c. 141; 72 Del. Laws, c. 355; 73 Del. Laws, c. 246; 75 Del. Laws, c. 241; 75 Del. Laws, c. 383; 76 Del. Laws, c. 18; 76 Del. Laws, c. 61; 78 Del. Laws, c. 129; 78 Del. Laws, c. 358; 79 Del. Laws, c. 49; 79 Del. Laws, c. 383;