IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JACKIE NICHOLS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   C.A. No. 1:15-cv-00602-GMS ) |
| THE CITY OF REHOBOTH BEACH, SAM COOPER and SHARON LYNN, | ) ) ) |
|     Defendants. | ) ) |

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by the parties, subject to the approval of the Court, that the provisions set forth below shall govern the production, review, and handling of materials produced in the above-captioned litigation (the "Litigation").

1. All information, whether designated confidential or not, that is produced or exchanged in the course of the Litigation (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for purposes of this Litigation.

2. Definitions:

(a) "Discovery Material" shall mean all documents, materials, interrogatory answers, testimony, or other information in paper, electronic, or any other form produced or disclosed by any Producing Entity, and the contents thereof, in discovery in this Litigation.

(b) The term "documents(s)" shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and includes, without limitation, any and all written, printed, typewritten, photographic, recorded or graphic materials, however produced or reproduced, including all electronically stored documents, records, representations

and communications (such as e-mail) stored in computers, any type of readable storage media or otherwise (including, but not limited to, electronic e-mail and metadata), whether or not ever printed or displayed, including, without limitation, all originals, copies and drafts of all notes, memoranda, memoranda of telephone or other conversations by or with any person(s), correspondence, communications, summaries, compilations, chronicles, calendars, agendas, diaries, appointment books, journals, expense accounts, time sheets, ledgers, logs, minutes, resolutions, certificates, books, manuals, handbooks, papers, files, forms, business records, contracts, agreements, transcripts, recordings, transcriptions of recordings, records, charges, complaints, claims, statements, submissions, reports, letters, advertisements, circulars, brochures, publications, photographs, pictures, diagrams, telephone records, telegrams, cables, teletypes, facsimile, microfilm, microfiche, prints, affidavits, bills, receipts, checks, data, tapes, cassettes, discs, or any other writing.

(c) "Privilege" shall mean the attorney-client privilege, the attorney-work product doctrine, or any other legally recognized privilege or immunity doctrine that may apply to Discovery Material.

(d) "Producing Entity" shall mean any party or non-party who produces Discovery Material to any party in connection with this Litigation.

(e) "Receiving Party" shall mean any party who receives Discovery Material in this Litigation.

(f) "Confidential" information shall mean any Discovery Material labeled as "Confidential" pursuant to this Protective Order.

(g) "Highly Confidential" information shall mean any Discovery Material labeled as "Highly Confidential" pursuant to this Protective Order.

  (h) "Designating Entity" shall mean any Producing Entity who designates Discovery Material as Confidential or Highly Confidential information.

  3. Any Producing Entity may, subject to the provisions of this Stipulation and Protective Order ("Protective Order"), designate as Confidential any Discovery Material that the Designating Entity believes in good faith is confidential in that it contains confidential, non-public information, including, but not limited to: (1) financial information not publicly filed with any federal or state regulatory authority or otherwise publicly available; (2) trade secret information as defined under state or federal law; (3) personal information relating to any person or entity; (4) confidential or proprietary sales, pricing, marketing, design, licensing, operational, employment, compensation, competitive, or other proprietary information not otherwise publicly available; (5) information pertaining to strategic business decisions; (6) information relating to non-public administrative, regulatory, or private dispute resolution proceedings; and (7) information not deemed public pursuant to the Delaware Freedom of Information Act, 29 *Del. C.* Chapter 100, Section 10002(l)(1-18).

  4. Discovery Material designated Confidential shall be maintained in confidence and, to the extent not otherwise prohibited by an order of the Court, shall only be disclosed to the following persons:

  (a) The Court, its personnel, any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional videographers, stenographers, or court reporters engaged to transcribe testimony, and jurors;

  (b) Counsel for the parties and employees or agents of such counsel, including, but not limited to, private investigators retained to assist such counsel in connection with the Litigation;

(c) The parties (including the officers, directors, and employees of the parties), as counsel for such party deems necessary to assist in connection with the Litigation;

(d) In-house counsel and insurers for the parties;

(e) Any experts or consultants retained to assist the parties in connection with the Litigation;

(f) Persons who have been noticed for depositions or subpoenaed for trial testimony in connection with the Litigation provided, however, in any deposition or testimony in which Confidential information is shown, referenced, or included as exhibits, that portion of the transcript of that deposition or testimony may be designated Confidential as provided herein;

(g) Any person reflected as an author, addressee, or recipient of the Confidential information being disclosed;

(h) Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential information, to the extent reasonably necessary to assist the parties or their counsel in connection with the Litigation; and

(i) Any other person designated by the Court, upon such terms as the Court may deem proper.

5. Any Producing Entity may, subject to the provisions of this Protective Order, designate as Highly Confidential any Discovery Material that the Designating Entity believes, in good faith, contains information, the disclosure or intentional misuse of which is highly likely to cause significant harm to the privacy or to the business or competitive position of the Designating Entity. The Highly Confidential information may be disclosed only to:

(a) Counsel for the respective parties to this Litigation, including in-house counsel and co-counsel retained for this Litigation;

(b) Employees of such counsel;

(c) Consultants or expert witnesses retained for the prosecution or defense of this Litigation, provided that, in addition to executing the undertaking in the form attached hereto, the consultant or expert confirms in writing that he or she will use the Highly Confidential information only for purposes of this Litigation and not for any other purpose, including any other expert or consultancy work for which the consultant or expert may be retained;

(d) Any authors or recipients of the Highly Confidential information; and

(e) The Court, its personnel, any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional videographers, stenographers, or court reporters engaged to transcribe testimony, and jurors.

6. Prior to the time that any person or entity listed in Paragraph 4, subsections (e), (f), (h), and (i), any private investigator as referenced in Paragraph 4, subsection (b), and any person or entity listed in Paragraph 5, subsection (c), is given access to Confidential or Highly Confidential information, such person or entity must be provided with a copy of the Protective Order and such person or entity shall execute an undertaking in the form attached hereto agreeing to be bound by the Protective Order, which undertaking shall be retained by counsel for the party who disclosed the Confidential information to such person or entity.

7. Nothing in this Protective Order shall limit any Producing Entity's use or disclosure of its own Confidential or Highly Confidential information.

8. Nothing in this Protective Order shall be construed as indicating that any information is in fact Confidential or Highly Confidential information or entitled to confidential

treatment. In the event that any party objects to the designation of Discovery Material as Confidential or Highly Confidential information, counsel for such party shall notify counsel for the Designating Entity in writing (the "Notice"). The objecting party shall identify the information in question and shall specify the reason(s) for the objection. Within seven (7) calendar days of the receipt of the Notice, counsel for the Designating Entity and objecting party shall meet and confer in an effort to resolve any disagreement. If the parties cannot resolve their disagreement, the objecting party may seek a ruling, through the Court's discovery dispute procedure, on the Designating Entity's designation of the Discovery Material as Confidential or Highly Confidential information. The Designating Entity, however, shall have the burden of showing that there is a good faith basis for designating the document or information Confidential or Highly Confidential. While any such application is pending, the Confidential or Highly Confidential information will remain confidential until the Court rules otherwise.

9. Any party to this Litigation or a Producing Entity who is not a party to this Litigation may designate information as Confidential or Highly Confidential, including all or any portion of documents or other materials, as follows:

(a) Any documents or other tangible materials produced by a party or non- party may be designated as Confidential or Highly Confidential at any time by either (i) stamping or writing "Confidential Pursuant to Court Order," "Confidential Information," "Confidential" or "Highly Confidential" on such material at or before the time of production or (ii) by notifying all other parties in writing of the Designating Entity's claim of confidentiality at any time subsequent to the time of production. In order to provide the parties an adequate opportunity to designate discovery as Confidential or Highly Confidential, all discovery produced in this case shall be deemed Confidential information, whether or not stamped with an appropriate legend, for a

period of thirty (30) days following production. No party shall be held in breach of this Protective Order solely for disclosing documents or other tangible material to persons unauthorized to receive Confidential information under this Protective Order if (i) such documents or other discovery have not been designated as Confidential information by the Producing Entity and (ii) at least thirty (30) days have passed since the time such documents or other tangible material were first produced. Once a party receives notice that a Designating Entity has made a designation of confidentiality, such party shall treat the designated materials as Confidential or Highly Confidential in accordance with this Protective Order regardless of how much time has passed since the time the newly designated materials were first produced.

    (b)    Deposition or other testimony and/or all or any part of any document or thing marked for identification may be designated as Confidential or Highly Confidential by any of the following means: (i) by stating orally on the record that the information is Confidential or Highly Confidential on the day the testimony is given; or (ii) by sending written notice designating information as Confidential or Highly Confidential within thirty (30) days after receipt of the final deposition transcript. All information disclosed during a deposition shall be deemed to have been designated Confidential until thirty (30) days after the transcript has been received, whether or not portions of the transcript have been previously so designated. Deposition transcripts containing Confidential or Highly Confidential information may only be examined by persons described in Paragraphs 4 and 5 of this Protective Order as applicable.

    (c)    Where only parts of any testimony, documents, or other information or material are claimed to be Confidential, counsel claiming confidentiality shall designate the parts of said material for which confidentiality is claimed.

10. Should any inadvertent or unauthorized disclosure of information designated as Confidential to persons or parties other than those designated in ¶ 4 (a-i) occur, or should any inadvertent or unauthorized disclosure of information designated as Highly Confidential to persons or parties other than those designated in ¶ 5 (a-e) occur, the undersigned counsel hereby agree to immediately take any and all necessary steps to remedy such unauthorized disclosure.

11. Nothing in this Protective Order shall require disclosure of any Discovery Material that the Producing Entity contends is protected from disclosure by Privilege. The inadvertent production of any Discovery Material or information protected by Privilege shall be without prejudice to any such claim of Privilege, and the Producing Entity shall not be held to have waived any rights by such inadvertent production. If a Producing Entity believes that privileged Discovery Material was inadvertently produced, the Producing Entity shall so notify the party to whom the Discovery Material was produced in writing, and the Discovery Material shall immediately be considered privileged. The Receiving Party must immediately return any Discovery Material that was inadvertently produced and later designated privileged. The parties may, within ten (10) days of receipt of such notification, meet and confer in an effort to resolve any disagreements with respect to the designation. If the parties cannot resolve their disagreement, the Producing Entity may apply to the Court within fourteen (14) court days of the meet and confer for a ruling on the Producing Entity's claim of inadvertent production.

12. Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order and notify the non-party that the protections in the Protective Order are available to such non-party. Any non-party from whom discovery is sought in this Litigation may obtain the protection of this Order by designating its provision of discovery as subject thereto in the manner provided herein.

13. Nothing contained in this Protective Order shall be construed to have any effect on the admissibility or discoverability of any Confidential or Highly Confidential information. Nothing contained in this Protective Order shall be construed to limit any party's right to use in Court any Confidential or Highly Confidential information, except that Confidential and/or Highly Confidential information shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

14. The foregoing shall not prevent any appropriately marked second copy of any Confidential or Highly Confidential information specifically intended for review by the Court from being hand delivered to the Court to assure that the same is brought promptly to the Court's attention.

15. The terms of this Protective Order shall remain in full force and effect until the Litigation is finally resolved, *i.e.* until all appeals relating to the Litigation have been exhausted or the time to appeal has expired ("Final Resolution"). The Court will retain jurisdiction over all persons and parties subject to or bound by this Protective Order for purposes of its enforcement.

16. Upon Final Resolution, a party in possession of Confidential or Highly Confidential information, other than that which is contained in pleadings, correspondence, deposition materials, and litigation files, shall, no later than six (6) months after final resolution of this Litigation, and at the election of the party in possession of the Confidential or Highly Confidential information, either (a) return such Confidential or Highly Confidential information to counsel for the party or non-party who provided such Confidential or Highly Confidential information, or (b) destroy such Confidential information or Highly Confidential information and

provide written confirmation to the Producing Entity that such Confidential or Highly Confidential information has been destroyed.

17. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that: (a) was, is, or becomes public knowledge, not in breach of this Protective Order; or (b) is acquired by the Receiving Party from a third party having the right to disclose such information or material, or is learned by the Receiving Party as a result of the Receiving Party's own independent efforts, investigation, or inquiry.

18. This Protective Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Protective Order, or from agreeing with the other parties to modify this Protective Order, subject to approval of the Court.

19. Nothing herein shall prevent any Party from producing Confidential or Highly Confidential information in response to a lawful subpoena or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of Confidential or Highly Confidential information, provided that the subpoenaed party gives prompt written notice to counsel for the Designating Entity and to counsel for all parties, and permits counsel for any party or Designating Entity at least seven (7) days to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued. In addition, the party receiving the subpoena or other legal process may produce Confidential information in response to the subpoena or other legal process only if: (i) prior written consent of the Designating Entity has been obtained; (ii) the Court has ordered that the Confidential information be produced; or (iii) the Designating Entity has been notified of the subpoena or other legal process pursuant to this paragraph, but has not, prior to the return date, moved for a protective order or otherwise sought remedial action.

20. If the Court does not sign and enter this Protective Order for any reason, the parties to this Protective Order shall remain bound by all of its terms and provisions, except as otherwise provided by governing law or by any subsequent Court order in this Litigation.

Respectfully submitted,

| FINGER & SLANINA, LLC | CONNOLLY GALLAGHER LLP |
|---|---|
| */s/ David L. Finger* | */s/ Ryan P. Newell* |
| David L. Finger (#2556) | Arthur G. Connolly, III (#2667) |
| One Commerce Center | Max B. Walton (#3876) |
| 1201 N. Orange Street, 7th Floor | Ryan P. Newell (#4744) |
| Wilmington, DE 19801 | N. Christopher Griffiths (#5180) |
| (302) 573-2525 | The Brandywine Building |
| dfinger@delawgroup.com | 1000 West Street, 14th Floor |
|  | Wilmington, DE 19801 |
| *Attorney for Plaintiff* | Tel: 302-757-7300 |
|  | aconnolly@connollygallagher.com |
|  | mwalton@connollygallagher.com |
|  | rnewell@connollygallagher.com |
|  | cgriffiths@connollygallagher.com |
| Dated: November 3, 2015 | *Attorneys for Defendants* |

_____
THE HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JACKIE NICHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:15-cv-00602-GMS |
| | ) |
| THE CITY OF REHOBOTH BEACH, | ) |
| SAM COOPER and SHARON LYNN, | ) |
| | ) |
| Defendants. | ) |

## UNDERTAKING

### AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order entered by the United States District Court for the District of Delaware on _____, 2015 in the case of *Nichols v. City of Rehoboth, et al.*, C.A. No. 1:15-cv-00602-GMS. I agree to comply with and to be bound by all the terms of this Stipulation and Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of this Stipulation and Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulation and Protective Order, even if such enforcement proceedings occur after the termination of this action.

**Date:** _____

**City and State where sworn and signed:** _____

**Printed name:** _____

**Signature:** _____