NOTICE OF APPEAL
TO
U.S.C OURT OF APPEALS, THIRD CIRCUIT

U.S. District Court for the District of Delaware

| | | |
|---|---|---|
| JACKIE NICHOLS, | ) | |
| | ) | Circuit Court Docket No. |
| Plaintiff-below/Appellant, | ) | |
| | ) | |
| v. | ) | District Court Docket No. |
| | ) | C.A. No. 15-602 GMS |
| CITY OF REHOBOTH BEACH, | ) | |
| SAM COOPER and SHARON LYNN, | ) | District Court Judge |
| | ) | Gregory M. Sleet |
| Defendants-below/Appellees. | ) | |

NOTICE is hereby given that Jackie Nichols appeals to the United States Court of Appeals for the Third Circuit from the Order of the District Court granting the defendants' Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction, entered on December 14, 2015.

Dated:  December 15, 2015

/s/ David L. Finger
David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange Street, 7th floor
Wilmington, DE 19801
 (302) 573-2525
dfinger@delawgroup.com
Attorney for plaintiff-below/appellant Jackie Nichols

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACKIE NICHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 15-602 GMS |
| | ) |
| CITY OF REHOBOTH BEACH, | ) |
| SAM COOPER and SHARON LYNN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED THAT:

1. The defendants' Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction, (D.I. 10), is GRANTED;

2. The Clerk of the Court is directed to close this case.

Dated: December 14, 2015

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JACKIE NICHOLS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF REHOBOTH BEACH, ) <br> SAM COOPER and SHARON LYNN, ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 15-602 GMS |

## MEMORANDUM

### I.  INTRODUCTION

The plaintiff Jackie Nichols ("Nichols") filed this complaint on July 16, 2015, against defendants the City of Rehoboth Beach ("Rehoboth"), Mayor of Rehoboth Sam Cooper, and City Manager of Rehoboth Sharon Lynn (collectively, "Defendants"). (D.I. 1.) Nichols alleges federal and state constitutional violations arising from a special election to authorize the issuance of municipal bonds. (D.I. 1.) Nichols seeks declaratory and injunctive relief on behalf of herself and the citizens of Rehoboth. *Id.* Currently before the court are the Defendants' motion to dismiss and opening brief. (D.I. 10, 11.) For the reasons that follow, the court will grant Defendants' motion to dismiss.

### II.  BACKGROUND[1]

Nichols is a resident, property owner, and taxpayer of Rehoboth. (D.I. 1.) On April 27, 2015, the Board of Commissioners of Rehoboth adopted a resolution proposing the issuance of up to $52,500,000 general obligation bonds of Rehoboth to finance an ocean outfall project (the "Ocean Outfall Project"), and ordering a Special Election to authorize the city to issue these and

---

[1] The background is drawn primarily from Nichols' complaint.

other objectives. (D.I. 9 at 2.) On June 27, 2015, Rehoboth conducted the "Special Election." *Id.* The costs of the Special Election were paid from the Rehoboth treasury. *Id.* Section 40(h) of the Rehoboth Charter, which governs voting procedures for Special Elections to authorize the borrowing of money, states:

> At the said Special Election, every owner or leaseholder, as defined in this Charter, of property, whether an individual, partnership or corporation, shall have one vote and every person who is a bona fide resident of the City of Rehoboth Beach, but who is not an owner or leaseholder, as defined in this Charter, of property within the corporate limits of the City of Rehoboth Beach and who would be entitled at the time of holding of the said Special Election to register and vote in the Annual Municipal Election if such Annual Municipal Election were held on the day of the Special Election shall have one vote whether or not such person be registered to vote in the Annual Municipal Election.

*Id.* at 3. Section 40 of the Rehoboth Charter does not define the phrase "bona fide resident." *Id.* Section 7(d) of the Rehoboth Charter, relating to the manner of holding annual elections, requires that to be eligible to vote, the term "resident" means "an individual actually residing and domiciled in the City of Rehoboth Beach for a period of 6 months immediately preceding the date of the election." *Id.* At the Special Election, Rehoboth only accepted as voters those who had been residents for a minimum of six months and property owners. *Id.* Rehoboth granted the right to vote more than once to those who met the residency requirement and owned (directly or through an entity) property in Rehoboth. *Id.* Corporations and other artificial entities owning property in Rehoboth were permitted to vote. *Id.* at 4. Individuals who owned multiple parcels in Rehoboth through ownership of multiple artificial entities were permitted to vote one time for each property owned through such artificial entities. *Id.* After the polls were closed, Rehoboth announced that there were 637 votes in favor of borrowing for the Ocean Outfall Project, and 606 votes against borrowing for the Ocean Outfall Project. *Id.*

2

On July 16, 2015, Nichols filed this action. (D.I. 1.) On July 30, Defendants filed a motion to dismiss the Complaint and opening brief. (D.I. 6, 7.) On August 10, 2015, the parties entered into a stipulation providing that Nichols would submit an amended complaint and Defendants would withdraw their motion to dismiss. (D.I. 8.) Subsequently, on August 12, 2015, the court approved the stipulation. (D.I. 9.)

Nichols' alleges violations under the Fourteenth Amendment and under §§ 1983 and 1988. 42 U.S.C. §§ 1983, 1988; U.S. Const. amend. XIV. The amended complaint contains four counts: (1) declaratory relief for the 14th Amendment Residency Requirement ("Count I"), (2) injunctive relief to for the 14th Amendment Residency Requirement ("Count II"), (3) declaratory and injunctive relief for the 14th Amendment One Person, One Vote claim ("Count III"), and (4) Delaware State Law–Exceeding Authority ("Count IV"). Defendants filed a motion to dismiss and opening brief on August 26, 2015. (D.I. 10, 11.) Nichols filed an answering brief in opposition on September 9, 2015. (D.I. 13 at 7.) Defendants filed a reply brief on September 21, 2015. (D.I. 14.)

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a party may bring a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because standing is a jurisdictional matter, a motion to dismiss for want of standing is also properly brought pursuant to Federal Rule 12(b)(1). *See St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the V.I.*, 218 F.3d 232, 240 (3d Cir. 2000) ("The issue of standing is jurisdictional."); *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 733 (3d Cir. 1970) ("[W]e must not confuse requirements necessary to state a cause of action . . . with the prerequisites of standing.").

3

A party invoking federal jurisdiction bears the burden of establishing that she possesses the requisite standing to bring an action. *FOCUS v. Allegheny Cnty. Ct. Com. Pl.*, 75 F.3d 834, 838 (3d Cir. 1996) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)). In examining a challenge to a party's standing, the court must accept as true all material allegations set forth in the complaint and construe those facts in favor of the nonmoving party. *See Warth v. Seldin,* 422 U.S. 490, 501 (1975); *Storino v. Borough of Point Pleasant Beach,* 322 F.3d 293, 296 (3d Cir. 2003). At the motion to dismiss stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan,* 504 U.S. at 561; *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

## IV. DISCUSSION

In their motion, the Defendants make the following arguments: (1) the challenge to the City's Special Referenda Election is too late, (2) Nichols has failed to make any claims whatsoever against the defendants Cooper and Lynn, (3) the State of Delaware is the real party in interest, (4) the plaintiff lacks standing, (5) the city did not exceed its authority in paying for an advertisement in support of the Special Referenda Election, and (6) the court should abstain and stay the case. (D.I. 10, 11). Given that Defendants challenge whether Nichols can maintain this action in federal court and that their challenge goes to the court's jurisdiction, the court will first address this issue.

### A. Standing to Challenge the Special Election

Defendants argue that Nichols lacks standing to challenge the sixth-month residency requirement in the charter because she suffered no injury. Specifically, they argue she was never denied the opportunity to vote in the Special Referenda Election. (D.I. 11 at 12). Nichols responds

4

Case 1:15-cv-00602-GMS Document 24 Filed 12/14/15 Page 5 of 6 PageID #: 276

that she possesses taxpayer standing. (D.I. 13 at 9.) She claims that she is suing in her capacity as a municipal taxpayer to challenge taxpayer-funded elections, the resultant authorization of the issuance of municipal debt instruments, and the expenditure of tax revenues to buy advertisements to influence a bond referendum. *Id.*

In order to satisfy the standing requirements of Article III, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). In a voting case, voters need to show disadvantage to themselves as individuals. *Baker v. Carr*, 369 U.S. 186, 206 (1962). This requires "a plain, direct and adequate interest in maintaining the effectiveness of their votes," *Coleman v. Miller,* 307 U.S. 433, 438 (1939). In contrast, a claim of the right possessed by every citizen "to require that the government be administered according to law" does not suffice for purposes of standing. *Fairchild v. Hughes,* 258 U.S. 126, 129 (1922). *See also Lance v. Coffman*, 549 U.S. 437, 442 (2007) (Finding that plaintiffs lacked standing where the only injury alleged was that the law had not been followed in the election and not a particularized impact on the plaintiffs' votes).

The court agrees with Defendants that Nichols lacks standing. Initially, the court agrees with Defendants that Nichols is not contesting the expenditure of tax funds, but the legality of the Special Election. Second, the court notes that Nichols suffered no particularized injury as a result of the Special Election. Nichols is a property owner in the city and had the right to vote in the

5

Case 1:15-cv-00602-GMS Document 24 Filed 12/14/15 Page 6 of 6 PageID #: 277

Special Referenda Election. Thus, she lacks the concrete personal injury necessary to bring suit. As a result, the court lacks the subject matter jurisdiction to hear this action. Therefore, the complaint must be dismissed. The court will not consider Defendants remaining arguments. *See Berg v. Obama,* 586 F.3d 234, 242 (3d Cir. 2009).

## V. CONCLUSION

For these reasons, Defendants' motion to dismiss is granted.

Dated: December 14, 2015

_____
UNITED STATES DISTRICT JUDGE

6